Robert V. Prongay (SBN 270796)
    rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
    clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
    prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Attorneys for Plaintiff

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN, <br><br> Defendants. | Case No. '21CV0687 AJB MSB <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Plaintiff Mohammed Usman Ali ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Franklin Wireless Corp. ("Franklin" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Franklin; and (c) review of other publicly available information concerning Franklin.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired Franklin securities between September 17, 2020 and April 8, 2021, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Franklin purports to be a leading provider of intelligent wireless solutions such as mobile hotspots, routers, trackers, and other devices.

3.      On April 1, 2021, Franklin stated that it "ha[d] been notified of reports of battery issues in some of its wireless hotspot device." It also stated that the Company was "working with its battery and device manufacturing partners and carrier customer to determine the cause and extent of the problem."

4.      On this news, the Company's share price fell $0.35, or 1.65%, to close at $20.77 per share on April 5, 2021, the next trading session, on unusually heavy trading volume.

5.      On April 8, 2021, media reported that Verizon Wireless is recalling certain hotspot devices. According to CNBC, Verizon "is recalling 2.5 million hotspot devices after discovering that the lithium ion battery can overheat, creating a fire and burning hazard." Moreover, the "recall impacts Ellipsis Jetpack mobile

1

hotspots imported by Franklin Wireless Corp and sold between April 2017 and March 2021."

6.   On this news, the Company's share price fell $2.82, or 14%, to close at $17.33 per share on April 8, 2021, on unusually heavy trading volume.

7.   On April 9, 2021, Franklin stated that its customer Verizon Wireless "has issued a voluntary recall of its Jetpack Hotspot devices imported by Franklin." The Company stated that "[a]t this time, fewer than 20 report of trouble have been received with over 2 million devices in [sic] sold over the last three and a half years."

8.   On this news, the Company's share price fell $4.07, or nearly 23%, to close at $13.26 per share on April 9, 2021, on unusually heavy trading volume.

9.   Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Franklin's hotspot devices suffered from battery issues, including overheating, thereby presenting a fire hazard; (2) that, as a result, it was reasonably likely that the Company's customers would recall Franklin's devices; (3) that, as a result, Franklin would suffer reputational harm; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

10.   As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11.   The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

2

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

13.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are located in this District.

14.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## **PARTIES**

15.     Plaintiff Mohammed Usman Ali, as set forth in the accompanying certification, incorporated by reference herein, purchased Franklin securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

16.     Defendant Franklin is incorporated under the laws of Nevada with its principal executive offices located in San Diego, California. Franklin's common stock trades on the NASDAQ exchange under the symbol "FKWL."

17.     Defendant OC Kim ("Kim") was the Company's President at all relevant times.

18.     Defendant David Brown ("Brown") was the Company's Acting Chief Financial Officer ("CFO") at all relevant times.

3

19.     Defendants Kim and Brown (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market.  The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

20.     Franklin purports to be a leading provider of intelligent wireless solutions such as mobile hotspots, routers, trackers, and other devices.

### Materially False and Misleading

### Statements Issued During the Class Period

21.     The Class Period begins on September 17, 2020. On that day, Franklin filed its annual report on Form 10-K for the period ended June 30, 2020 (the "2020 10-K").[1]  In relevant part, Franklin stated that its "current or future products and services may fail to function properly, and if our products and services do not

_____

[1] On September 18, 2020, the Company filed an amendment to the 2020 10-K to include an exhibit titled "Description of Securities," which had been omitted from the original filing. The 2020 10-K was not otherwise modified by the amendment.

achieve and sustain market acceptance, our business, results of operations and profitability may suffer." Furthermore, the Company stated:

> THE LOSS OF ANY OF OUR MATERIAL CUSTOMERS COULD ADVERSELY AFFECT OUR REVENUES AND PROFITABILITY, AND THEREFORE SHAREHOLDER VALUE. We depend on a small number of customers for a significant portion of our revenues. For the year ended June 30, 2020, net revenues from our two largest customers represented 46% and 36% of our consolidated net sales, respectively. We have a written agreement with each of these customers that governs the sale of products to them, but the agreements do not obligate them to purchase any quantity of products from us. If these customers were to reduce their business with us, our revenues and profitability could materially decline.

22. On November 16, 2020, Franklin filed its quarterly report on Form 10-Q for the period ended September 30, 2020 (the "1Q21 10-Q"). Therein, Franklin stated that "[r]evenue for sales of products and services is derived from contracts with customers" and "[t]he products and services promised in contracts primarily consist of hotspot routers." It incorporated by reference the risk factors stated in its 2020 10-K.

23. On February 16, 2021, the Company filed its quarterly report on Form 10-Q for the period ended December 31, 2020 (the "2Q21 10-Q"). Therein, Franklin stated that "[r]evenue for sales of products and services is derived from contracts with customers" and "[t]he products and services promised in contracts primarily consist of hotspot routers." It incorporated by reference the risk factors stated in its 2020 10-K.

24. The above statements identified in ¶¶ 21-23 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Franklin's hotspot devices suffered from battery issues, including overheating, thereby presenting a fire hazard; (2) that, as a result, it was reasonably likely that the Company's customers would recall Franklin's devices; (3) that, as a result, Franklin would suffer reputational harm; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business,

operations, and prospects were materially misleading and/or lacked a reasonable basis.

### Disclosures at the End of the Class Period

25.   On April 1, 2021, Franklin stated that it "ha[d] been notified of reports of battery issues in some of its wireless hotspot device." It also stated that the Company was "working with its battery and device manufacturing partners and carrier customer to determine the cause and extent of the problem."

26.   On this news, the Company's share price fell $0.35, or 1.65%, to close at $20.77 per share on April 5, 2021, the next trading session, on unusually heavy trading volume.

27.   On April 8, 2021, media reported that Verizon Wireless is recalling certain hotspot devices. According to CNBC, Verizon "is recalling 2.5 million hotspot devices after discovering that the lithium ion battery can overheat, creating a fire and burning hazard." Moreover, the "recall impacts Ellipsis Jetpack mobile hotspots imported by Franklin Wireless Corp and sold between April 2017 and March 2021."

28.   On this news, the Company's share price fell $2.82, or 14%, to close at $17.33 per share on April 8, 2021, on unusually heavy trading volume.

29.   On April 9, 2021, Franklin stated that its customer Verizon Wireless "has issued a voluntary recall of its Jetpack Hotspot devices imported by Franklin." The Company stated that "[a]t this time, fewer than 20 report of trouble have been received with over 2 million devices in [sic] sold over the last three and a half years."

30.   On this news, the Company's share price fell $4.07, or nearly 23%, to close at $13.26 per share on April 9, 2021, on unusually heavy trading volume.

### CLASS ACTION ALLEGATIONS

31.   Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and

entities that purchased or otherwise acquired Franklin securities between September 17, 2020 and April 8, 2021, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

32.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Franklin's shares actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of Franklin shares were traded publicly during the Class Period on the NASDAQ.  Record owners and other members of the Class may be identified from records maintained by Franklin or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

33.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

34.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

35.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

1          (b)    whether statements made by Defendants to the investing public
2    during the Class Period omitted and/or misrepresented material facts about the
3    business, operations, and prospects of Franklin; and

4          (c)    to what extent the members of the Class have sustained damages
5    and the proper measure of damages.

6          36.    A class action is superior to all other available methods for the fair and
7    efficient adjudication of this controversy since joinder of all members is
8    impracticable.  Furthermore, as the damages suffered by individual Class members
9    may be relatively small, the expense and burden of individual litigation makes it
10   impossible for members of the Class to individually redress the wrongs done to
11   them.  There will be no difficulty in the management of this action as a class action.

12              **<u>UNDISCLOSED ADVERSE FACTS</u>**

13         37.    The market for Franklin's securities was open, well-developed and
14   efficient at all relevant times.  As a result of these materially false and/or misleading
15   statements, and/or failures to disclose, Franklin's securities traded at artificially
16   inflated prices during the Class Period.  Plaintiff and other members of the Class
17   purchased or otherwise acquired Franklin's securities relying upon the integrity of
18   the market price of the Company's securities and market information relating to
19   Franklin, and have been damaged thereby.

20         38.    During the Class Period, Defendants materially misled the investing
21   public, thereby inflating the price of Franklin's securities, by publicly issuing false
22   and/or misleading statements and/or omitting to disclose material facts necessary to
23   make Defendants' statements, as set forth herein, not false and/or misleading.  The
24   statements and omissions were materially false and/or misleading because they
25   failed to disclose material adverse information and/or misrepresented the truth about
26   Franklin's business, operations, and prospects as alleged herein.

27         39.    At all relevant times, the material misrepresentations and omissions
28   particularized in this Complaint directly or proximately caused or were a substantial

contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Franklin's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

40. Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

41. During the Class Period, Plaintiff and the Class purchased Franklin's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

42. As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Franklin,

their control over, and/or receipt and/or modification of Franklin's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Franklin, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

43.     The market for Franklin's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, Franklin's securities traded at artificially inflated prices during the Class Period.  On December 15, 2020, the Company's share price closed at a Class Period high of $25.45 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Franklin's securities and market information relating to Franklin, and have been damaged thereby.

44.     During the Class Period, the artificial inflation of Franklin's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Franklin's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of Franklin and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

45.   At all relevant times, the market for Franklin's securities was an efficient market for the following reasons, among others:

(a)   Franklin shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)   As a regulated issuer, Franklin filed periodic public reports with the SEC and/or the NASDAQ;

(c)   Franklin regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)   Franklin was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.   Each of these reports was publicly available and entered the public marketplace.

46.   As a result of the foregoing, the market for Franklin's securities promptly digested current information regarding Franklin from all publicly available sources and reflected such information in Franklin's share price. Under these circumstances, all purchasers of Franklin's securities during the Class Period suffered similar injury through their purchase of Franklin's securities at artificially inflated prices and a presumption of reliance applies.

47.   A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.   Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that

Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

48.    The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Franklin who knew that the statement was false when made.

## FIRST CLAIM

### Violation of Section 10(b) of The Exchange Act and

### Rule 10b-5 Promulgated Thereunder

### Against All Defendants

49.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

50. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Franklin's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

51. Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Franklin's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

52. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Franklin's financial well-being and prospects, as specified herein.

53. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Franklin's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Franklin and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of

business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

54.    Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

55.    Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Franklin's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately

refraining from taking those steps necessary to discover whether those statements were false or misleading.

56.    As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Franklin's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Franklin's securities during the Class Period at artificially high prices and were damaged thereby.

57.    At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Franklin was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Franklin securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

58.    By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

59.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## **SECOND CLAIM**

### **Violation of Section 20(a) of The Exchange Act**
### **Against the Individual Defendants**

60.   Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

61.   Individual Defendants acted as controlling persons of Franklin within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

62.   In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

63.   As set forth above, Franklin and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class

suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

1  DATED: April 16, 2021                **GLANCY PRONGAY & MURRAY LLP**

2
                                        By:  */s/ Robert V. Prongay*
3                                       Robert V. Prongay
                                        Charles H. Linehan
4                                       Pavithra Rajesh
                                        1925 Century Park East, Suite 2100
5                                       Los Angeles, California 90067
                                        Telephone:  (310) 201-9150
6                                       Facsimile:  (310) 201-9160
                                        Email:  info@glancylaw.com
7
8
                                        **LAW OFFICES OF HOWARD G. SMITH**
9                                       Howard G. Smith
                                        3070 Bristol Pike, Suite 112
10                                      Bensalem PA 19020
                                        Telephone: (215) 638-4847
11                                      Facsimile: (215) 638-4867
12
13                                      *Attorneys for Mohammed Usman Ali*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SWORN CERTIFICATION OF PLAINTIFF

Franklin Wireless Corp., **SECURITIES LITIGATION**

I,            Mohammed Usman Ali                , certify:

1.   I have reviewed the complaint and authorized its filing and/or adopted its allegations.

2.   I did not purchase Franklin Wireless Corp., the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.   I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.   My transactions in Franklin Wireless Corp., during the class period set forth in the Complaint are as follows:

     See Attached Transactions

5.   I have not served as a representative party on behalf of a class under this title during the last three years except as stated:

6.   I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

     ☐ Check here if you are a current employee or former employee of the defendant Company.

     I declare under penalty of perjury that the foregoing are true and correct statements.

Dated: _____    4/15/2021

DocuSigned by:

C12942D52C71450...

_____

Mohammed Usman Ali

M          d U          A    Tr                    Fr          W r          C  r    F  WL
Tr                T                                        U    Pr