UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN,<br><br>Defendants. | Case No.: 3:21-cv-00687-AJB-MSB<br><br>**ORDER GRANTING MOTION TO APPOINT LEAD PLAINTIFF AND TO APPOINT LEAD COUNSEL**<br><br>**(Doc. No. 6)** |

Before the Court is movant Gergely Csaba's ("Csaba") motion to appoint him as lead plaintiff and to appoint Pomerantz LLP ("Pomerantz") as lead counsel in this federal securities class action. (Doc. No. 6.) There are no other requests for appointment as lead plaintiff or lead counsel, nor are there any objections to Csaba's motion.[1] The Court therefore deems Csaba's motion unopposed. For the reasons set forth below, the Court **GRANTS** Csaba's motion.

---

[1] Class members, Jack Pape and Barbara Pape, initially filed a competing motion, but withdrew it on July 6, 2021. (Doc. No. 11.)

## I. BACKGROUND

On April 16, 2021, Plaintiff Mohammed Usman Ali ("Ali") filed a class action Complaint on behalf of all investors who purchased or otherwise acquired Franklin Wireless Corp. ("Franklin" or the "Company") shares from September 17, 2020 through April 8, 2021 (the "Class Period"). According to the Complaint, Franklin claims to be a leading provider of intelligent wireless solutions such as mobile hotspots, routers, trackers, and other devices. This action concerns allegations that Franklin, OC Kim, and David Brown ("Defendants") violated the Securities Exchange Act of 1934 (the "Exchange Act") by making materially false and/or misleading statements, and failing to disclose material adverse facts relating to battery issues (e.g., overheating and presenting a fire hazard) in Frankin's hotspot devices. The instant motion to appoint lead plaintiff and lead counsel pursuant to section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(a)(3)(B), follows.

## II. APPOINTMENT OF LEAD PLAINTIFF

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb). By its terms, the PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action

litigation. *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The Court applies this three-step framework to Csaba's motion.

### A. Notice Publication

"The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* Specifically, the plaintiff must publish, "in a widely circulated national business-oriented publication or wire service", a notice advising (1) pendency of the action, the claims, and the class period and (2) that any class member can move to become lead plaintiff within 60 days of the notice. 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

Here, Plaintiff Ali's counsel published notice of this action on the same day they filed the Complaint, April 16, 2021. The Court finds that the notice, which is published in *Business Wire* and attached to Csaba's moving papers, satisfies the statutory notice requirements. (Doc. No. 6-4.) Csaba timely moved to become lead plaintiff because he filed his motion on June 15, 2021, within 60 days of the notice. (Doc. No. 6.) Accordingly, the Court finds that Csaba has satisfied the procedural requirements necessary to serve as lead plaintiff.

### B. Loss Suffered and Rule 23 Requirements

At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d at 729–30 (internal citations omitted).

Here, Csaba asserts that he has the largest financial interest of any Franklin investor based upon the four factors articulated in *Lax v. First Merchants Acceptance Corp. See* 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered). According to Csaba, during the Class Period, he: "(1)

1  purchased 1,250 shares of Franklin securities; (2) expended $27,900 on his purchases of
2  Franklin securities; (3) retained all of his shares of Franklin securities; and (4) as a result
3  of the disclosures of the fraud, suffered a loss of approximately $13,954[.]" (Doc. Nos. 6-1
4  at 11; 6-3 at 2.) Turning to the other plaintiffs' alleged losses, it is unclear from the
5  Complaint how much stock Plaintiff Ali retained, and how much loss he suffered. And as
6  previously mentioned, no other class members have contested that Csaba has the largest
7  financial interest in this action. Consequently, based upon the information available in the
8  record, the Court finds that Csaba has the largest financial interest in the relief sought by
9  the class. *See In re Cavanaugh*, 306 F.3d at 730.

10  Having found that Csaba has the largest financial interest, the Court "must then focus
11  its attention on *that* plaintiff and determine, based on the information he has provided in
12  his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in
13  particular those of 'typicality' and 'adequacy.'" *Id.* (emphasis in original). As typicality
14  and adequacy elements are the focus at this stage, the Court defers analysis on Rule 23's
15  other requirements (i.e., impracticability and common questions) until the class
16  certification stage. *See id.*

17  Typicality is satisfied "if the claims or defenses of the representative parties are
18  typical of the claims or defenses of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,
19  1020 (9th Cir. 1998) (citation omitted). The test "is whether other members have the same
20  or similar injury, whether the action is based on conduct which is not unique to the named
21  plaintiffs, and whether other class members have been injured by the same course of
22  conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal
23  quotation marks and citation omitted).

24  Here, Csaba, like all class members, alleges that Defendants violated the Exchange
25  Act by making what they knew, or should have known, were false and misleading
26  statements of material facts concerning Franklin, or by failing to provide material facts
27  necessary to make their statements not misleading. Additionally, Csaba, like all class
28  members, purchased Franking securities during the Class Period at prices artificially

inflated by Defendants' alleged misrepresentations and omissions. There is no indication in the record that Csaba is not a typical member of the class, nor is there any opposition to Csaba's motion. Accordingly, the Court finds that Csaba has sufficiently demonstrated typicality.

Next, to determine adequacy, the Court asks "two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citation omitted). Here, Csaba submitted declarations in which he attests to his willingness to serve as lead plaintiff and commitment to achieving the best possible result for, and protecting the interests, of the Class. (Doc. Nos. 6-5; 6-6.) There appears to be no antagonism between the interests of Csaba and those of the Class. Moreover, having reviewed Csaba's declarations and Pomerantz' resumé, the Court finds that they can vigorously prosecute this action on behalf the Class. *See Staton*, 327 F.3d at 957. Csaba attested that he is committed to and understands the responsibilities of a lead plaintiff, and has a background in investing. (Doc. Nos. 6-5; 6-6.) Additionally, Pomerantz has extensive experience in securities litigation. (Doc. No. 6-7.) Accordingly, the Court finds that Rule 23's adequacy requirement is met.

### C.  Rebuttable Presumption

Finally, at the third step, the district court "give[s] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730. As previously analyzed, Csaba has the largest financial interest in the relief sought by the Class and has sufficiently established typicality and adequacy under Rule 23. As a result, Csaba is the "presumptively most adequate plaintiff." *Id.* There being no objections to his appointment as lead plaintiff nor questions raised regarding his qualifications by any party, the presumption afforded to Csaba has not been rebutted. Thus, the Court **GRANTS** Csaba's motion to appoint him as lead plaintiff.

## III. APPOINTMENT OF LEAD COUNSEL

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Csaba wishes to appoint Pomerantz as lead counsel in this case. (Doc. No. 6-1 at 15.) Pomerantz has prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. ((Doc. No. 6-7.) The Court finds that Pomerantz has the resources and experience to effectively manage the class litigation. Thus, the Court **GRANTS** Csaba's motion to appoint Pomerantz as lead counsel.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Csaba's motion in its entirety. (Doc. No. 6.) Accordingly, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Court **APPOINTS** Csaba as Lead Plaintiff and **APPOINTS** Pomerantz as Lead Counsel in this action.

**IT IS SO ORDERED**.

Dated: September 15, 2021

Hon. Anthony J. Battaglia
United States District Judge