# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMED USMAN ALI,
Individually and On Behalf of All Others
Similarly Situated,

Plaintiffs,

v.

FRANKLIN WIRELESS CORP., OC
KIM, and DAVID BROWN,

Defendants.

Case No.:  3:21-CV-00687-AJB-MSB

CLASS ACTION

**STIPULATION AND PROTECTIVE ORDER [ECF No. 31]**

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action (the "Action") are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries,

1

and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Pomerantz LLP (Counsel for Lead Plaintiff and Lead Counsel for the proposed Class), The Portnoy Law Firm (Additional Counsel for Plaintiff), and SML Avvocati P.C. (Counsel for Defendants).

<u>GENERAL RULES</u>

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith, reasonable belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party

2

may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith, reasonable belief of such party and its counsel, the unrestricted disclosure of such information would very likely cause serious and irreparable harm to the business or operations of such party, such that the information is among that considered to be most sensitive by the party, including but not limited to trade secrets and secretive research or development information.

5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a.     the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b.     the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their

3

staff and associates), the court reporter, videographer and the person(s) agreed upon pursuant to paragraph 8 below; and

    c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.    All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" may be viewed only by the persons described in Paragraphs 9(a)-(g), and may be viewed by the individuals and entities listed in Paragraphs 9(a), (d), (e), (f) and (g) only if each such individual or entity has read this Order in advance of disclosure and has agreed in writing to be bound by its terms. Moreover, the right of any independent expert described in Paragraph 9(e) to receive any materials designated as "CONFIDENTAL – FOR COUNSEL ONLY" will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any information designated as "CONFIDENTIAL – FOR COUNSEL ONLY" to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within

4

seven (7) days following receipt of the identification of the proposed expert. Such materials may be disclosed to an independent expert if the seven (7) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.    Information designated "CONFIDENTIAL" may be viewed only by the additional individuals and entities listed below, and may be viewed by the individuals and entities listed in Paragraphs 9(a), (f)-(h) only if each such individual or entity has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a)    The parties.  In the case of parties that are corporations or other business entities, "party" shall include current employees;

b)    Counsel (as defined in paragraph 3) of the receiving party;

c)    the Court and Court personnel;

d)    Any special master or mediator engaged by the parties or authorized by the Court for purposes of mediation or other alternative dispute resolution; and

e)    independent experts retained by a party to provide services in this Action;

f)    Technical personnel, including vendors, with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in conducting discovery and preparation for trial of this action;

g)    Stenographic, secretarial and clerical employees associated with the individuals identified above;

h)    A fact witness, at the witness's deposition in this Action.

10.    Notwithstanding the above, with respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.    All information which has been designated as "CONFIDENTIAL" or

5

"CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.    No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document.  A sealing order may issue only upon a showing that the information is privileged or protectable under the law.  **The request must be narrowly tailored to seek sealing only of the confidential or privileged material.**  To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2.  In addition, a party must file a redacted version of any document that it seeks to file under seal.  The document must be titled to show that it corresponds to an item filed under seal, *e.g.,* "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The party should file the redacted document(s) simultaneously with a joint motion for *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

13.    At any stage of these proceedings, any party may object to a designation of materials under this Order. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as "CONFIDENTIAL," as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.    All information properly designated under this Order must be held in

confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving designated materials must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.    No party will be responsible to another party for disclosure of properly designated materials under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.    If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed "CONFIDENTIAL," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as "CONFIDENTIAL," once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17.    Subject to Rule 26(b)(5) of the Federal Rules of Civil Procedure, nothing within this Order shall be construed to prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  If the receiving party wishes to challenge the

privileged nature of the purportedly Privileged Information, the receiving party must make its application to the Court pursuant to Paragraph 14 above within fourteen (14) business days of the request by the producing party to return, sequester, or destroy the purportedly Privileged Information.

18.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any materials designated under this Order, provided that the materials must not be used for any purpose other than the prosecution or defense of this litigation.

19.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.     Nothing within this Order shall be construed to prevent disclosure of designated materials if such disclosure is required by law or by order of the Court.

21.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all designated materials to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22.     The restrictions and obligations set forth within this Order will not apply to

any information that: (a) the parties agree should not be designated under the terms of this Order; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge may be established by pre-production documentation.

23.   The restrictions and obligations within this Order will not be deemed to prohibit discussions of any information contained within properly designated materials under the terms of this Order with anyone if that person already has or obtains legitimate possession of that information.

24.   Transmission by email is acceptable for all notification purposes within this Order.

25.   This Order may be modified by agreement of the parties, subject to approval by the Court.

26.   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated:  March 9, 2022

**POMERANTZ LLP**

/s/ *Austin P. Van*
Jeremy A. Lieberman (*pro hac vice*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100

Respectfully submitted,

**SML AVVOCATI P.C.**

By: /s/ *Stephen M. Lobbin*
Stephen M. Lobbin (SBN 181195)
Austin J. Richardson (SBN 319807)
888 Prospect Street, Suite 200
La Jolla, California 92037
Telephone: (949) 636-1391

Facsimile:  (212) 661-8665

jalieberman@pomlaw.com

avan@pomlaw.com

Email: sml@smlavvocati.com

ajr@smlavvocati.com

*Attorneys for Defendants*

Jennifer Pafiti

1100 Glendon Avenue, 15th Floor

Los Angeles, California  90024

Telephone:  (310) 432-8494

Facsimile:  (917) 463-1044

jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiff*

Lesley F. Portnoy

THE PORTNOY LAW FIRM

1800 Century Park East, Suite 600

Los Angeles, California   90067

Telephone:  (310) 692-8883

Facsimile:  (212) 697-7296

lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff*

IT IS SO ORDERED this 9th day of March, 2022.

Honorable Michael S. Berg

United States Magistrate Judge

3:21-CV-00687-AJB-MSB

STIPULATED PROTECTIVE ORDER