**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jpafiti@pomlaw.com
avan@pomlaw.com

*Co-Lead Counsel for Lead Plaintiff & the Proposed Class*

— additional counsel on signature page —

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMED USMAN ALI, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

      v.

FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN,

          Defendants.

Case No.: 3:21-CV-00687-AJB-MSB

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Hearing Date:  November 10, 2022
Time:  2:00PM
Judge:  Honorable Anthony J. Battaglia
Courtroom 4A

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................1

II.    LEGAL STANDARD FOR CLASS CERTIFICATION.........................................2

III.   ARGUMENT:  THE PROPOSED CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTICABLE .....................................2

IV.   CONCLUSION.........................................................................7

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, Case No.  3:21-CV-00687-AJB-MSB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Pipe & Construction Company v. Utah*,
  414 U.S. 538 (1974)..................................................................................6, 7

*Anderson v. Weinert Enters.*,
  986 F.3d 773 (7th Cir. 2021) ......................................................................5, 6

*Barragan v. Kinder Morgan, Inc.*,
  No. CV 21-2955 PA, 2022 U.S. Dist. LEXIS 88194 (C.D. Cal. May 15,
  2022) .................................................................................................................5

*Brown v. China Integrated Energy Inc.*,
  No. 11-CV-02559, 2015 WL 12720322 (C.D. Cal. Feb. 17, 2015) ....................3

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*,
  No. 18-cv-04844-BLF, 2022 U.S. Dist. LEXIS 83836 (N.D. Cal. May 9,
  2022) .................................................................................................................2

*Consolidated Rail Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995) .............................................................................2

*Cordova v. BAE Sys. Tech. Sols. & Servs., Inc.*,
  No. 20-CV-2425 JLS (MDD), 2022 WL 298365 (S.D. Cal. Feb. 1,
  2022) .................................................................................................................5

*Durham v. Sachs Elec. Co.*,
  No. 18-CV-04506-BLF, 2021 WL 3709164 (N.D. Cal. Aug. 20, 2021) .............5

*Epstein v. MCA, Inc.*,
  50 F.3d 644 (9th Cir. 1995) ...........................................................................2

*FDIC v. Garner*,
  126 F.3d 1138 (9th Cir. 1997) .......................................................................1

*Gunderson v. Alta Devices, Inc.*,
  No. 5:19-CV-08017-BLF, 2021 WL 1998608 (N.D. Cal. May 19, 2021)..........5

*Harris v. Palm Springs Alpine Ests., Inc.*,
  329 F.2d 909 (9th Cir. 1964) ........................................................................2

iii

*Hayes v. MagnaChip Semiconductor Corp.*,
No. 14-CV-01160-JST, 2016 WL 7406418 (N.D. Cal. Dec. 22, 2016)...............3

*In re BofI Holding, Inc. Sec. Litig.*,
No. 3:15-cv-02324-GPC-KSC, 2021 WL 3742924 (S.D. Cal. Aug. 24,
2021) .............................................................................................................2

*In re Cooper Cos. Sec. Litig.*,
254 F.R.D. 628 (C.D. Cal. 2009)..................................................................2, 3

*In re Snap Inc. Sec. Litig.*,
334 F.R.D. 209 (C.D. Cal. 2019)......................................................................4

*In re THQ Inc. Sec. Litig.*,
No. 00-cv-1783-AHM-EX, 2002 WL 1832145 (C.D. Cal. Mar. 22,
2002) .............................................................................................................2

*In re Twitter Inc. Sec. Litig.*,
326 F.R.D. 619 (N.D. Cal. 2018).......................................................................4

*In re VeriSign, Inc. Sec. Litig.*,
No. C 02-02270 JW, 2005 WL 7877645 (N.D. Cal. Jan. 13, 2005) ...............3, 6

*Jordan v. Cty. of L.A.*,
669 F.2d 1311 (9th Cir. 1982) ......................................................................2, 6

*Litty v. Merrill Lynch & Co.*,
2015 U.S. Dist. LEXIS 74693, 2015 WL 4698475 (C.D. Cal. Apr. 27,
2015) .............................................................................................................3

*Orr v. Shicker*,
953 F.3d 490 (7th Cir. 2020) ...........................................................................2

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985)........................................................................................6

*Preston v. Porch.com, Inc.*,
No. 21-CV-168 JLS (BLM), 2022 WL 1214710 (S.D. Cal. Apr. 25,
2022) .............................................................................................................5

*Rannis v. Recchia*,
380 F. App'x 646 (9th Cir. 2010) .....................................................................2

*Snitko v. United States*,
     No. 221CV04405RGKMAR, 2021 WL 6752226 (C.D. Cal. Oct. 12,
     2021) ................................................................................................5

*Todd v. STAAR Surgical Co.*,
     No. 14-cv-05263-MWF-RZ, 2017 WL 821662 (C.D. Cal. Jan. 5, 2017) ...........2

*Vinh Nguyen v. Radient Pharms. Corp.*,
     287 F.R.D. 563 (C.D. Cal. 2012)...................................................3, 4

*West v. Cal. Servs. Bureau, Inc.*,
     323 F.R.D. 295 (N.D. Cal. 2017).....................................................3

*Zeidman v. J. Ray McDermott & Co.*,
     651 F.2d 1030 (5th Cir. 1981) ........................................................3

**Rules**

Fed. R. Civ. P. 23(a)(2) ....................................................................1, 2

## I.     INTRODUCTION

As explained in the Memorandum of Points and Authorities in Support of Lead Plaintiff's Motion for Class Certification (ECF No. 41) ("Motion"), this lawsuit is a textbook example of a case warranting class action treatment.  Lead Plaintiff seeks to prove that, like other Class members, he was injured by a common course of misconduct—the issuance of false and misleading statements and material omissions by Defendants concerning Franklin's wrongdoing.  The questions of law and fact relevant to the merits—issuance of false and misleading statements, reliance, materiality, scienter, loss causation and economic loss—are identical for each and every member of the putative Class.  As explained in the Motion, this action satisfies all the requirements for class certification under Rule 23(a):  numerosity, commonality, typicality and adequacy of representation.  *Id*. at 5-10.  This action also satisfies the two core requirements for certification under Rule 23(b)(3):  predominance of common questions of law or fact and superiority of a class action over other available methods for adjudication.  *Id*. at 10-23.

In their six-page Opposition to Motion for Class Certification (ECF No. 47) ("Opposition"), Defendants argue substantively against only one of these requirements:  numerosity.[1]  Defendants' Opposition borders on frivolous.  Defendants effectively admit both that the proposed Class contains more than 478 members and that classes of at least 40 members presumptively satisfy the numerosity requirement under well-established precedent in this Circuit.  That is, Defendants admit that the size of the proposed Class here exceeds *by an order of magnitude* the threshold at which numerosity is presumed to be satisfied under established law.  Even without Defendants' admission, there is no dispute that millions of Franklin's shares were nationally traded during the Class Period— a fact that is independently sufficient to raise a presumption of numerosity.

The Court should grant Plaintiff's Motion.

---

[1] As Defendants "present no case law or argument in support of" their contention that the other elements for class certification have not been satisfied, Defendants have waived that contention.  *See FDIC v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997).

## II.   LEGAL STANDARD FOR CLASS CERTIFICATION

"As the Ninth Circuit has so aptly stated, securities fraud cases fit Rule 23 'like a glove.'"  *In re Cooper Cos. Sec. Litig*., 254 F.R.D. 628, 632 (C.D. Cal. 2009) (quoting *Epstein v. MCA, Inc.*, 50 F.3d 644, 668 (9th Cir. 1995)).  "Especially in the case of a class action alleging securities fraud, then, '[a]ny doubts a court has about class certification should be resolved in favor of certification.'"  *Todd v. STAAR Surgical Co.*, No. 14-cv-05263-MWF-RZ, 2017 WL 821662, at *3 (C.D. Cal. Jan. 5, 2017).  Recognizing the value of class actions in the securities law context, courts in the Ninth Circuit "liberally construe" the requirements of Rule 23 in favor of certification.  *See In re THQ Inc. Sec. Litig.*, No. 00-cv-1783-AHM-EX, 2002 WL 1832145, at *2 (C.D. Cal. Mar. 22, 2002).  Accordingly, courts throughout the Ninth Circuit regularly grant class certification in securities cases like this one.  *See*, *e.g.*, *In re BofI Holding, Inc. Sec. Litig.*, No. 3:15-cv-02324-GPC-KSC, 2021 WL 3742924, at *10 (S.D. Cal. Aug. 24, 2021).

## III.   ARGUMENT:  THE PROPOSED CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTICABLE

Rule 23(a)(1) requires that the class be so numerous that joinder of all members would be "impracticable."  Fed. R. Civ. P. 23(a)(1).  Impracticable does not mean impossible, only that it would be "difficult[]" or "inconvenien[t]" to join all members of the class.  *Harris v. Palm Springs Alpine Ests., Inc*., 329 F.2d 909, 913-14 (9th Cir. 1964).  Under a well-established threshold in this Circuit and others, "courts find the numerosity requirement satisfied when a class includes at least 40 members."  *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) (finding class of 20 members sufficient to meet numerosity); *see*, *e.g.*, *Jordan v. Cty. of L.A.*, 669 F.2d 1311, 1319 (9th Cir. 1982) (reversing district court's finding that numerosity was lacking in classes containing 39, 64, and 71 members and holding "we would be inclined to find the numerosity requirement in the present case satisfied solely on the basis of the number of ascertained class members"); *Consolidated Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995) (numerosity is presumed where the plaintiff class contains forty or more members); *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) (same); *City of Sunrise*

2

*Firefighters' Pension Fund v. Oracle Corp*., No. 18-cv-04844-BLF, 2022 U.S. Dist. LEXIS 83836, at *8 (N.D. Cal. May 9, 2022) (same); *Litty v. Merrill Lynch & Co*., 2015 U.S. Dist. LEXIS 74693, 2015 WL 4698475, at *3 (C.D. Cal. Apr. 27, 2015) (same); *Vinh Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012) (same); *In re Cooper Cos. Sec. Litig*., 254 F.R.D. 628, 633-34 (C.D. Cal. 2009) (same).

Moreover, in securities cases, numerosity is presumed when millions of shares are traded during the proposed class period. *See, e.g.*, *Brown v. China Integrated Energy Inc*., No. 11-CV-02559, 2015 WL 12720322, at *14 (C.D. Cal. Feb. 17, 2015) (numerosity satisfied where "Plaintiffs allege that millions of shares of common stock were traded over the relevant class period."); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 7406418, at *3 (N.D. Cal. Dec. 22, 2016) ("The Court certainly may infer that, when a corporation has millions of shares trading on a national exchange, the numerosity requirement is met."); *Zeidman v. J. Ray McDermott & Co*., 651 F.2d 1030, 1039 (5th Cir. 1981) (numerosity requirement is met in securities fraud suits involving nationally traded stocks). "[C]ourts are quite willing to accept common sense assumptions in order to support a finding of numerosity, often looking at the number of shares traded or transactions completed rather than seeking to determine directly the number of potential class members involved." *In re VeriSign, Inc. Sec. Litig*., No. C 02-02270 JW, 2005 WL 7877645, at *4 (N.D. Cal. Jan. 13, 2005); *see West v. Cal. Servs. Bureau, Inc*., 323 F.R.D. 295, 303 (N.D. Cal. 2017) ("A court may make common-sense assumptions and reasonable inferences when analyzing numerosity.").

Here, there is no question that the numerosity requirement is satisfied. During the Class Period, 2,172,392 million shares of Franklin Wireless Common Stock were traded by investors. *See* ECF No. 41-2 (Van Decl., Ex. 1 (Expert Report of Sorin M. Sorescu)) at ¶ 24. The common stock of Franklin traded on the NASDAQ, a national stock exchange. *See id*. at ¶ 15; Defendants' Answer to Amended Complaint at ¶ 14. The float

3

of Franklin securities publicly traded is approximately 8.5 million shares.[2]  Based on these facts, Lead Plaintiff reasonably alleges that there are thousands of geographically dispersed members of the proposed Class—because Franklin "has millions of shares trading on a national exchange," the Court "'may infer that' the numerosity requirement is met."  *In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619, 626 (N.D. Cal. 2018); *see In re Snap Inc. Sec. Litig.*, 334 F.R.D. 209, 226 (C.D. Cal. 2019) ("Courts generally find that 'the numerosity requirement is met in securities fraud suits involving nationally traded stocks.'"); William B. Rubenstein, 1 Newberg on Class Actions § 3:12 (5th ed.) (last updated Dec. 2020) ("[I]n class actions involving nationally traded securities, courts generally presume that the numerosity requirement is met.").

Moreover, Defendants admit in their Opposition that Franklin's "non-objecting beneficial shareholders number about 478 accounts with more than 200 shares."  Defs.' Opp. at 2.  This count of 478 non-objecting beneficial shareholders is grossly underinclusive of the total number of potential class members—it does not include objecting beneficial shareholders, which are the majority of shareholders in most publicly traded companies, *see* SEC Rules 14b-1, 14b-2,[3] or even non-objecting beneficial shareholders with fewer than 200 shares.  In any event, assuming (reasonably) that the number of shareholders during the Class Period was not altogether different from the number of shareholders at present, the proposed class contains well over 400 members even under Defendants' arbitrarily narrow counting.  A (very conservatively counted) proposed class of over 400 members exceeds the well-established threshold for numerosity in this Circuit of 40 members by more than an order of magnitude.

In their Opposition, Defendants argue principally that the Class is not sufficiently large to satisfy the numerosity requirement.  Defs.' Opp. at 6-8.  Yet Defendants

---

[2] *See* https://finance.yahoo.com/quote/FKWL/key-statistics?p=FKWL (last visited September 23, 2022).

[3] *See also* Alan Beller & Janet Fisher, *The OBO/NOBO Distinction in Beneficial Ownership: Implications for Shareowner Communications and Voting*, Council of Institutional Investors (2010), available at:  https://www.sec.gov/comments/s7-14-10/s71410-22.pdf.

REPLY MEMORANDUM IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, Case No. 3:21-CV-00687-AJB-MSB

themselves recognize that "a proposed class of at least forty members presumptively satisfies the numerosity requirement." *Id.* at 5 (quoting *Vinh Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 563, 569 (C.D. Cal. 2012)). Defendants fail to cite a *single* case in which any court has found that a class of over 40 plaintiffs, let alone over 400 plaintiffs, failed to satisfy the numerosity requirement. In contrast, the number of courts that have found classes of fewer than 400 plaintiffs to satisfy the numerosity requirement is too numerous to list. A sample of cases from just the past year in this Circuit demonstrates that this threshold is well-established law. *See, e.g.*, *Cordova v. BAE Sys. Tech. Sols. & Servs., Inc.*, No. 20-CV-2425 JLS (MDD), 2022 WL 298365, at *4 (S.D. Cal. Feb. 1, 2022) ("joinder of thirty-one members is impracticable"); *Preston v. Porch.com, Inc.*, No. 21-CV-168 JLS (BLM), 2022 WL 1214710, at *3 (S.D. Cal. Apr. 25, 2022) ("joinder of 236 members is impracticable"); *Barragan v. Kinder Morgan, Inc.*, No. CV 21-2955 PA (MRWx), 2022 U.S. Dist. LEXIS 88194, at *5-6 (C.D. Cal. May 15, 2022) (proposed class of 39 members satisfies numerosity); *Gunderson v. Alta Devices, Inc.*, No. 5:19-CV-08017-BLF, 2021 WL 1998608, at *4 (N.D. Cal. May 19, 2021) (proposed class between 240 and 300 "much larger" than necessary to satisfy numerosity); *Durham v. Sachs Elec. Co.*, No. 18-CV-04506-BLF, 2021 WL 3709164, at *4 (N.D. Cal. Aug. 20, 2021) (class of 450 members "easily satisfies the numerosity requirement"); *Snitko v. United States*, No. 221CV04405RGKMAR, 2021 WL 6752226, at *5 (C.D. Cal. Oct. 12, 2021) (potential class of anywhere between *18* and 245 members satisfies numerosity).

Defendants' entire Opposition appears to be based on a single out-of-Circuit case in which a court held that a class of 37 members did not satisfy the numerosity requirement. Defs.' Opp. at 6 (citing of *Anderson v. Weinert Enters.*, 986 F.3d 773, 777 (7th Cir. 2021)). That case is immediately distinguishable from the present case for the obvious reason that the size of the proposed class here is, by Defendants' own admission, greater than that in *Anderson* by more than an order of magnitude. Indeed, the Court in Anderson recognized that even 37 class members "comes close to crossing the benchmark numerosity threshold," but found that in the unusual circumstances of the case, joinder

5

was not impracticable because "[a]ll but two of the class members lived within a 50-mile radius of the courthouse." *Id*. at 777. Given that Franklin's securities are traded on NASDAQ to Class members residing across the globe, the Court reasonably may infer that the over 400 plaintiffs do not similarly all live within a 50-mile radius of San Diego, California. For example, Lead Plaintiff Gergely Csaba lives in Hungary, ECF No. 6-6, and movants Jack and Barbara Pape live in Arizona, ECF No. 5-6. In any event, the court in *Anderson* expressly recognized that "[s]ome classes may involve such large numbers of potential members that volume alone will make joinder impracticable." *Id*. at 778. This is clearly such a case—over 400 plaintiffs could not even fit into a courtroom.

Defendants also appear to argue that because "only" four lawsuits have been filed against Franklin, "likely there are very few shareholders interested in asserting Plaintiff's claims . . . ."[4] Defs.' Opp. at 6-7. Defendants cite to no case law whatsoever to support this novel criterion for evaluating numerosity. Defendants' proposed criterion has never been adopted by any court for good reason—the very point of a class action is to "permit the plaintiffs to pool claims which would be uneconomical to litigate individually. [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985). As many plaintiffs have claims that are uneconomical to bring individually, the number of lawsuits filed against Franklin is no indication of shareholder interest in participating as members of this proposed class action. *See id*.; *In re VeriSign, Inc. Sec. Litig*., No. C 02-02270 JW, 2005

---

[4] Defendants also argue that Plaintiff has not established that the class members are geographically diverse. Defs.' Opp. at 7. The Court need only consider geographic diversity of class members when the class is "not so numerous," *i.e.*, fewer than 39. *See Jordan v. Cty. of L.A*., 669 F.2d 1311, 1319-20 (9th Cir. 1982). In any event, the Court reasonably may infer that the over 400 plaintiffs are geographically diverse because Franklin's securities are traded on NASDAQ and so would have been acquired by Class members residing across the globe. *See, e.g*., *In re VeriSign, Inc. Sec. Litig*., No. C 02-02270 JW, 2005 WL 7877645, at *4 (N.D. Cal. Jan. 13, 2005) (Court may make "common sense assumptions" when determining numerosity). For example, as noted above, Lead Plaintiff Gergely Csaba lives in Hungary, ECF No. 6-6, and movants Jack and Barbara Pape live in Arizona, ECF No. 5-6.

REPLY MEMORANDUM IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, Case No. 3:21-CV-00687-AJB-MSB

WL 7877645, at *9 (N.D. Cal. Jan. 13, 2005) ("Class actions are particularly well-suited in the context of securities litigation, wherein geographically dispersed shareholders with relatively small holdings would otherwise have difficulty in challenging wealthy corporate defendants."). Even if the number of lawsuits filed against Franklin were an indication of shareholder interest (it is not), the number of lawsuits filed cannot sensibly be counted until after the termination of the present putative class action and the expiration of the statute of limitations currently tolled under *American Pipe*—current members of the putative Class have no reason to bring independent lawsuits at present because their claims are currently being preserved by this litigation until the Court rules on class certification. *See American Pipe & Construction Company v. Utah*, 414 U.S. 538, 553 (1974).

## IV.   CONCLUSION

Lead Plaintiff respectfully requests entry of an Order certifying this action as a class action, appointing Lead Plaintiff as the Class Representative, and appointing Pomerantz LLP as Class Counsel.

Dated:  September 23, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Austin Van*
Jeremy A. Lieberman (*pro hac vice*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

Jennifer Pafiti
1100 Glendon Avenue, 15th Floor
Los Angeles, California  90024
Telephone:  (310) 405-7190
Facsimile:  (917) 463-1044
jpafiti@pomlaw.com

*Lead Counsel*

Lesley F. Portnoy
THE PORTNOY LAW FIRM
1800 Century Park East, Suite 600
Los Angeles, California   90067
Telephone:  (310) 692-8883
Facsimile:  (212) 697-7296
lesley@portnoylaw.com

*Additional Counsel*

REPLY MEMORANDUM IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION,
Case No. 3:21-CV-00687-AJB-MSB

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Austin P. Van*

9