# Exhibit 1

**POMERANTZ LLP**
Jennifer Pafiti (CA Bar No. 282790)
Austin P. Van (pro hac vice)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jpafiti@pomlaw.com
avan@pomlaw.com

*Class Counsel*

*- additional counsel on signature page -*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-00687-AJB-MSB |
| Plaintiff, | |
| vs. | |
| FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN, | |
| Defendants. | |

## AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

This Amended Stipulation and Agreement of Settlement, dated as of February 7, 2024 (the "Amended Stipulation"), which embodies the terms and conditions of settlement of the above-captioned action (the "Action"), is entered into between (a) Class Representative Gergely Csaba ("Plaintiff"), on behalf of himself and the Class (defined below); and (b) Defendants Franklin Wireless Corp., OC Kim, and David

Brown (the "Defendants," and collectively with Plaintiff, the "Parties").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Amended Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein or that could have been asserted therein.

Whereas:

A.    On April 16, 2021, Mohammed Usman Ali commenced this Action in the U.S. District Court for the Southern District of California, styled *Mohammed Usman Ali v. Franklin Wireless, Corp. et al.,* Case No. 3:21-cv-00687-AJB-MSB. ECF No. 1.

B.    On September 15, 2021, the Court appointed Gergely Csaba as Lead Plaintiff, and Pomerantz LLP as Lead Counsel. ECF No. 14.

C.    On November 15, 2021, Plaintiff filed a Class Action Amended Complaint, ECF No. 26, alleging that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements fraudulently implying that their core products, the Jetpacks, were functioning properly and were not suffering from any noteworthy defects when Defendants knew—but failed to disclose—that the Jetpacks had defective batteries that caused the devices to spark, catch fire, burn, explode, or otherwise combust, and so presented a risk of causing severe injury.

D.    On January 14, 2022, Defendants filed their answer to the Amended Complaint. ECF No. 27.

E.    On January 3, 2023, the Court granted Plaintiff's motion to certify the Class. ECF No. 44.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

F.     On May 1, 2023, the Parties participated in a private mediation with Jed Melnick of JAMS. In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages. The mediation was conducted live via videoconference. During the mediation, the Parties reached an agreement in principle to settle and release all claims asserted against Defendants in the Action in exchange for a payment of $2,400,000.00 for the benefit of the Class, subject to the execution of a settlement stipulation and related papers and Court approval.

G.     The agreement was memorialized in a memorandum of understanding (the "Memorandum of Understanding") which was fully executed on May 3, 2023. The Memorandum of Understanding sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment by or on behalf of Defendants of two million four hundred thousand dollars and zero cents ($2,400,000.00) for the benefit of the Class.

H.     This Amended Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

I.     Based upon their investigation, prosecution and the early neutral evaluation of the case, Plaintiff and Class Counsel have concluded that the terms and conditions of this Amended Stipulation are fair, reasonable and adequate to Plaintiff and the other members of the Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Plaintiff has agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of this Amended Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

J.      This Amended Stipulation constitutes a compromise of matters that are in dispute between the Parties. The Defendants are entering into this Amended Stipulation solely to eliminate the uncertainty, burden and expense of further litigation. Each of the Defendants denies any wrongdoing, and the Memorandum of Understanding and this Amended Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants or any of Defendants' Releasees with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. The Defendants expressly deny that Plaintiff has asserted any valid claims as to any of the Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Amended Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Amended Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a)    "Action" means the putative securities class action currently pending in the United States District Court for the Southern District of California styled as *Ali v. Franklin Wireless Corp., et al.*, 3:21-cv-00687-AJB-MSB.

b)    "Amended Complaint" means Class Action Amended Complaint filed by Plaintiff on January 14, 2022. ECF No. 26.

c)    "Authorized Claimant" means a Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

d)    "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

f)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

g)    "Claims Administrator" means the firm Epiq, which shall provide all notices approved by the Court to potential Class Members and administer the Settlement.

h)    "Class" means all persons and entities other than defendants who purchased or otherwise acquired Franklin common stock between September 17, 2020 and April 8, 2021, inclusive.  Excluded from the Class are any parties who are or have been Defendants in this litigation, the present and former officers and directors of Franklin and any subsidiary thereof, members of their immediate families and their

legal representatives, heirs, successors or assigns and any entity in which any current or former Defendant has or had a controlling interest.

i)      "Class Counsel" means Pomerantz LLP.

j)      "Class Distribution Order" means an Order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

k)      "Class Member" means each person and entity who or which is a member of the Class.

l)      "Class Period" means the Class Period set forth in the Amended Complaint (*i.e.*, September 17, 2020 through April 8, 2021, inclusive).

m)      "Court" means the United States District Court for the Southern District of California.

n)      "Defendants" means Franklin and the Individual Defendants.

o)      "Defendants' Counsel" means Seltzer Caplan McMahon Vitek and SML Avvocati, P.C.

p)      "Defendants' Releasees" means Individual Defendants and Franklin's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former Officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and other individuals referred to in this paragraph.

q)      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 31 of this Amended Stipulation have been met and have occurred or have been waived.

r)     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

s)     "Escrow Agent" means The Huntington National Bank or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Amended Stipulation and any order of the Court in connection with the Settlement.

t)     "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

u)     "Final," with respect to the Judgment or any other court Order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.,* thirty (30) days after entry of the judgment or Order; or (ii) if there is an appeal from the judgment or Order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or Order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an Order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

v)     "Franklin" means Franklin Wireless Corporation.

w)     "Franklin Securities" means Franklin Wireless Corp.'s common stock trading on the NASDAQ under the ticker symbol "FKWL."

x)   "Immediate Family" means children, stepchildren, parents, stepparents, spouses, marital communities, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

y)   "Individual Defendants" means OC Kim and David Brown.

z)   "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

aa)   "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiff directly related to his representation of the Class), for which Class Counsel intends to apply or could have applied to the Court for reimbursement from the Settlement Fund.

bb)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

cc)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Class Members.

dd)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

ee)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

ff) "Parties" means the Defendants and Plaintiff, on behalf of themselves and the Class.

gg) "Plaintiff" means Gergely Csaba.

hh) "Plaintiff's Releasees" means Plaintiff, Class Counsel, and all other Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

ii) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

jj) "Preliminary Approval Order" means the Order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

kk) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

ll) "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

mm) "Released Defendants' Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Defendants' Releasees, any claims between the Defendants and Defendants' Releasees and their respective insurers, or any claims against any person

or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

nn) "Released Plaintiff's Claims" means any and all claims, demands, rights, causes of action and liabilities, of every nature and description whatsoever, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and Unknown Claims, that have been or could have been asserted in any forum by the members of the Class, or the successors or assigns of any of them, in any capacity, arising out of or based on the factual allegations in the operative complaint or the circumstances and conduct giving rise to the Action. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) any claims that already have been brought derivatively related to Franklin Securities during the Class Period.

oo) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

pp) "Releases" means the releases set forth in ¶¶ 4–5 of this Amended Stipulation.

qq) "Settlement" means the settlement between Plaintiff and Defendants on the terms and conditions set forth in this Amended Stipulation.

rr) "Settlement Amount" means $2,400,000.00 in cash or immediately available funds.

ss) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

tt) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

uu) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

vv) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

ww) "Unknown Claims" means any Released Plaintiff's Claims which Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Class Members' decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendants shall expressly waive, and each of the other Class Members and each of the Defendants' Releasees and each of the Plaintiff's Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Class Members and each of the Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Promptly upon execution of this Amended Stipulation, Plaintiff will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Amended Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.      Pursuant to the Judgment, and without further action by anyone, upon the Effective Date of the Settlement, Plaintiff and each of the other Class Members, on

behalf of themselves, and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged any and all Released Plaintiff's Claims against the Defendants and the Defendants' Releasees, and shall be:

(a)    permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiff's Claims against any of the Defendants' Releasees, and

(b)    deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiff's Claims against any of the Defendants' Releasees.

5.    Pursuant to the Judgment, and without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged any and all Released Defendants' Claims against Plaintiff and Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of Plaintiff's Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

6.     Notwithstanding ¶¶ 4–5 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Amended Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

7.     In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the Defendants' Releasees, after the Defendants' Counsel's receipt from Class Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited, the Defendants shall cause the payment of two million four hundred thousand dollars and zero cents ($2,400,000.00) to be made into an escrow account specified by Plaintiff within ten (10) business days of the later of: (1) the Court granting preliminary approval of the Settlement; or (2) receipt by Defendants of complete payment instructions, including a W-9 form.  The total payment of $2,400,000.00 as described in this paragraph shall constitute the "Settlement Amount."

## USE OF SETTLEMENT FUND

8.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18–29 below.

9.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall

be distributed or returned pursuant to the terms of this Amended Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

10.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants or the Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B 2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as

described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants or the Defendants' Releasees shall have no responsibility or liability whatsoever for the acts or omissions of Class Counsel or its agents with respect to the payment of Taxes, as described herein.

12.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

13.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to $250,000.00 Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Amended Stipulation, all Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Defendants, any of the Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

14.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance, in an equitable and economic fashion, among Authorized Claimants who have cashed their checks. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after redistribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs and approved by the Court.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Class Counsel will apply to the Court for a collective award of attorneys' fees to Class Counsel to be paid from the Settlement Fund, which will include interest accrued from the time of the creation of the Settlement Fund. Class Counsel also will apply to the Court for reimbursement of Litigation Expenses with interest, which may include a request for reimbursement of Plaintiff's costs and expenses, including time and/or lost wages incurred in prosecuting the Action, directly related to his representation of the Class, to be paid from the Settlement Fund. Class Counsel's

application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiff other than what is set forth in this Amended Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Amended Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Amended Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiff nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.     Class Counsel shall allocate the attorneys' fees in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants or the Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Escrow

Account. Under no circumstances shall Defendants and the Defendants' Releasees be responsible to pay any portion of Class Counsel's attorneys' fees and/or any Litigation Expenses.

**NOTICE AND SETTLEMENT ADMINISTRATION**

18.    As part of the Preliminary Approval Order, Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. Other than Franklin's obligation to provide its securities holders records as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiff, any other Class Members or Class Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class as may be identified through reasonable effort. Class Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Class, within five (5) business days after entry of the Preliminary Approval Order, Franklin shall provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet (at no cost to

the Settlement Fund, Class Counsel or the Claims Administrator), its reasonably available lists (consisting of names and addresses) of the holders of Franklin Securities during the Class Period.

20.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

21.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Amended Stipulation and it is not a condition of the Settlement or of this Amended Stipulation that any particular plan of allocation be approved by the Court. Plaintiff and Class Counsel may not cancel or terminate the Settlement (or this Amended Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. The Defendants and Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any of the Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

22.    Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Amended Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Defendants or the Defendants' Releasees

with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any of the Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment by a Class Member. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a)   Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b)   All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Amended Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Amended Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants or

the Defendants' Releasees with respect to any Released Plaintiff's Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c)   Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Amended Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph e) below as necessary;

d)   Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph e) below; and

e)   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

25.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery whatsoever shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Amended Stipulation and the Settlement, including the terms of the Judgment, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants or the Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

28.    No person or entity shall have any claim against Plaintiff, Class Counsel, the Claims Administrator or any other agent designated by Class Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Amended Stipulation, the Plan of Allocation

approved by the Court, or any order of the Court. Plaintiff and Defendants, and their respective counsel, and Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

30.     If the Settlement contemplated by this Amended Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

31.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 7 above;

c)      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Amended Stipulation (including the Supplemental Agreement described in ¶ 34 below);

d)      Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Amended Stipulation; and

e)      the Court has approved the Settlement as described herein, following the period set forth for notice under the Class Action Fairness Act ("CAFA"), and following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final and none of the Parties seek to terminate the Settlement.

32.     Upon the occurrence of all of the events referenced in ¶ 30 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

33.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Amended Stipulation; (ii) Plaintiff exercises its right to terminate the Settlement as provided in this Amended Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a)      The Settlement and the relevant portions of this Amended Stipulation shall be canceled and terminated.

b)      Plaintiff and Defendants shall revert to their respective positions in the Action as of May 3, 2023 prior to the execution of the Memorandum of Understanding.

c)      The terms and provisions of this Amended Stipulation, with the exception of this ¶ 32 and ¶¶ 12, 15, 35, and 56, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Amended Stipulation shall be treated as vacated, *nunc pro tunc*.

     d)    Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent or the Defendants' Counsel's unilateral notification of termination to the Escrow Agent as permitted under ¶ 34 of the Amended Stipulation, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 15 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to the person(s) that made the respective deposits or as otherwise directed by such persons. In the event that the funds received by Class Counsel consistent with ¶ 15 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the person(s) that made the respective deposits or as otherwise directed by such persons immediately upon their deposit into the Escrow Account consistent with ¶ 15 above.

    34.    It is further stipulated and agreed that Plaintiff and Defendants shall each have the right to terminate the Settlement and this Amended Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Amended Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

35.     In addition to the grounds set forth in ¶ 33 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

36.     None of the Memorandum of Understanding, this Amended Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandum of Understanding and this Amended Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, this Amended Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a)      shall be offered against any of the Defendants or the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants

or the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Amended Stipulation;

b)   shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants or the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Amended Stipulation; or

c)   shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Amended Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

37.   Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. Defendants shall provide a copy of such notices as well as proof of service of such notices to Class Counsel.

## MISCELLANEOUS PROVISIONS

38.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Amended Stipulation and the terms of any exhibit attached hereto, the terms of the Amended Stipulation shall prevail.

39.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiff, Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Amended Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 33 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 33.

40.     The Parties intend this Amended Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiff and any other Class Members against the Defendants or the Defendants' Releasees with respect to the Released Plaintiff's Claims, including Unknown Claims. Accordingly, Plaintiff and its counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiff or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts

paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. Moreover, Plaintiff and Class Counsel shall not, at any time on or after the Effective Date, make any statement, irrespective of whether written or oral, to any party, that (i) is, or may reasonably be construed to be, critical or derogatory of, or likely to be harmful to, Defendants or any of Defendants' Releasees, or (ii) is reasonably likely to be injurious to the goodwill, reputation or business standing of any of Defendants or any of Defendants' Releasees. In furtherance, and not in limitation, of the foregoing, neither Plaintiff nor Class Counsel shall make any statement that could in any way be construed as alleging that Defendants or any of Defendants' Releasees participated in any illegal, unethical or disreputable conduct whether in their business or personal affairs or otherwise.

42.     The terms of the Settlement, as reflected in this Amended Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a

writing signed on behalf of both Plaintiff and Defendants (or their successors-in-interest).

43.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.     The administration and consumexation of the Settlement as embodied in this Amended Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Amended Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

45.     The waiver by one Party of any breach of this Amended Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Amended Stipulation.

46.     This Amended Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiff and the Defendants concerning the Settlement and this Amended Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Amended Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

47.     This Amended Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Amended Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any

corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

49.     The construction, interpretation, operation, effect and validity of this Amended Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.     Any action arising under or to enforce this Amended Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

51.     This Amended Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Amended Stipulation.

52.     All counsel and any other person executing this Amended Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Amended Stipulation to effectuate its terms.

53.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Amended Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54.     If any Party is required to give notice to another Party under this Amended Stipulation, such notice shall be in writing and shall be deemed to have been duly given

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Plaintiff or Class Counsel:

> POMERANTZ LLP
> Attn:  Jeremy A. Lieberman, Esq.
> 600 Third Avenue, 20th Floor
> New York, New York 10016-1917
> Telephone: (212) 661-1100
> Facsimile: (917) 463-1044
> Email:  jalieberman@pomlaw.com

If to Defendants:

> SELTZER CAPLAN MCMAHON VITEK
> Attn: Richard D. Gluck
> 750 B Street, Suite 2100
> San Diego, CA 92101-8177
> Telephone:  (619) 685-3090
> Facsimile:  (619) 685-3100
> Email:  gluck@scmv.com
>
> SML AVOCATTI P.C.
> Attn: Stephen Lobbin
> 888 Prospect Street, Suite 200
> San Diego, California 92037
> Telephone: (949) 636-1391
> Email: sml@smlavvocati.com

55.    Except as otherwise provided herein, each Party shall bear its own costs.

56.    Whether or not the Amended Stipulation is approved by the Court and whether or not the Amended Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Amended Stipulation confidential.

- 33 -

57.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

58.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Amended Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Amended Stipulation to be executed, by their duly authorized attorneys, as of February 7, 2024.

SIGNED:

**POMERANTZ LLP**
Jeremy A. Lieberman (admitted *pro hac vice*)
Austin P. Van (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016-1917
Telephone: 212-661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
Email: avan@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

**SELTZER CAPLAN MCMAHON VITEK**
Richard D. Gluck
750 B Street, Suite 2100
San Diego, CA 92101-8177
Telephone:  (619) 685-3090
Facsimile:  (619) 685-3100
Email:  gluck@scmv.com

**SML AVOCATTI P.C.**
Stephen Lobbin
888 Prospect Street, Suite 200
San Diego, California 92037
Telephone: (949) 636-1391
Email: sml@smlavvocati.com

*Counsel for Defendants*

- 34 -

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT

| | |
|---|---|
| *Class Counsel* <br><br> **THE PORTNOY LAW FIRM** <br> Lesley F. Portnoy <br> 1800 Century Park East, Suite 600 <br> Los Angeles, California 90067 <br> Telephone: (310) 692-8883 <br> Facsimile: (212) 697-7296 <br> Email: lesley@portnoylaw.com <br><br> *Additional Class Counsel* | |

AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT