**POMERANTZ LLP**
Jennifer Pafiti (CA Bar No. 282790)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jpafiti@pomlaw.com
avan@pomlaw.com

*Counsel for Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN,<br><br>Defendants. | Case No.: 3:21-cv-00687-AJB-MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF**<br><br><u>CLASS ACTION</u><br><br>Hearing Date: October 10, 2024<br>Time: 2:00 PM<br>Judge: Honorable Anthony J. Battaglia<br>Courtroom 4A (4th Floor – Schwartz) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.   CASE BACKGROUND ............................................................................................. 4

III.  THE COURT SHOULD AWARD ATTORNEYS' FEES OF 33.33% OF THE SETTLEMENT FUND ...................................................................................... 4

    A.    Class Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Class ...................................................................... 4

    B.    The Court Should Award Class Counsel a Reasonable Percentage of the Common Fund ..................................................................................... 5

    C.    The Requested Attorneys' Fees are Reasonable and Merited .............. 6

        1.    Class Counsel Achieved a Fair, Reasonable, and Adequate Result for the Class .................................................................. 7

        2.    The Risks and Complexity of the Litigation Support the Requested Fee Amount ................................................................ 8

        3.    Class Counsel Skillfully Managed This Case Against Formidable Adversaries ............................................................. 10

        4.    Class Counsel Undertook a Significant Financial Risk ............. 11

        5.    Fee Awards Granted in Similar Cases Further Support an Award of 33.33% of the Settlement Fund ............................................. 12

        6.    An Informal Lodestar Crosscheck Confirms the Reasonableness of the Requested Fee Award ..................................................... 13

        7.    The Class's Reaction Supports the Requested Fee .................... 15

IV.   CLASS COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED ........................ 17

V.    THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFF ......... 18

VI.   CONCLUSION ...................................................................................................... 19

- i -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Flowserve Corp.*,
572 F.3d 221 (5th Cir. 2009)................................................................8

*Atlas v. Accredited Home Lenders Holding Co.*,
No. 07-CV-00488-H (CAB), 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009)......................................................................................................7

*Barbosa v. Cargill Meat Sols. Corp.*,
297 F.R.D. 431 (E.D. Cal. 2013)........................................................13

*Beaver v. Tarsadia Hotels*,
No. 11-CV-01842-GPC-KSC, 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017)................................................................................................12

*Blum v. Stenson*,
465 U.S. 886 (1984) ......................................................................5, 13

*Boyd v. Bank of Am. Corp.*,
No. SACV 13-0561-DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014)....................................................................................................13

*Brown v. China Integrated Energy Inc.*,
No. CV1102559BROPLAX, 2016 WL 11757878 (C.D. Cal. July 22, 2016)................................................................................................19

*Buccellato v. AT&T Operations, Inc.*,
No. C10-00463-LHK, 2011 WL 3348055 (N.D. Cal. June 30, 2011)..............15

*Chun-Hoon v. McKee Foods Corp.*,
716 F. Supp. 2d 848 (N.D. Cal. 2010)................................................16

*City of Providence v. Aeropostale, Inc.*,
No. 11 CIV. 7132 CM GWG, 2014 WL 1883494 (S.D.N.Y. May 9, 2014)....................................................................................................11

*Dyer v. Wells Fargo Bank, N.A.*,
303 F.R.D. 326 (N.D. Cal. 2014) .......................................................19

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ...................................................................................2

*Evans v. Jeff D.*,
475 U.S. 717 (1986) ....................................................................................................5

*Feller v. Transamerica Life Ins. Co.*,
No. 16CV01378CASGJSX, 2019 WL 6605886 (C.D. Cal. Feb. 6, 2019) .............................................................................................................................15

*Fox v. Vice*,
563 U.S. 826 (2011) ..................................................................................................14

*Glass v. UBS Fin. Servs., Inc.*,
331 F. App'x 452 (9th Cir. 2009) ............................................................................6

*Halliburton Co. v. Erica P. John Fund, Inc.*,
No. 13-317 ...................................................................................................................5

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ......................................................................................17

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ....................................................................................................7

*Hopkins v. Stryker Sales Corp.*,
No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ...............15

*In re Activision Sec. Litig.*,
723 F. Supp. 1373 (N.D. Cal. 1989)........................................................................6

*In re Am. Apparel, Inc. S'holder Litig.*,
No. CV1006352MMMJCGX, 2014 WL 10212865 (C.D. Cal. July 28, 2014) .................................................................................................10, 11, 12, 13

*In re Amgen Inc. Sec. Litig.*,
No. CV 7-2536 PSG, 2016 WL 10571773 (C.D. Cal. Oct. 25, 2016) ...............14

*In re Apollo Grp. Inc. Sec. Litig.*,
No. CV 04-2147-PHX-JAT, 2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ..................................................................................................................14

*In re BP P.L.C. Sec. Litig.*,
852 F. Supp. 2d 767 (S.D. Tex. 2012)......................................................................9

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

*In re Brooktree Sec. Litig.*,
915 F. Supp. 193 (S.D. Cal. 1996) ...................................................................... 6

*In re Genworth Fin. Sec. Litig.*,
210 F. Supp. 3d 837 (E.D. Va. 2016) ................................................................ 14

*In re Heritage Bond Litig.*,
No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005)..........*passim*

*In re Heritage Bond Litig.*,
No. 02-ML-1475-DT(RCX), 2005 WL 1594389 (C.D. Cal. June
10, 2005) ......................................................................................................... 8, 11

*In re HP Inkjet Printer Litig.*,
716 F.3d 1173 (9th Cir. 2013) ............................................................................. 7

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007) ........................................................ 16, 17

*In re LJ Int'l, Inc. Sec. Litig.*,
No. CV0706076GAFJWJX, 2009 WL 10669955 (C.D. Cal. Oct.
19, 2009) .............................................................................................................. 9

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008)......................................................*passim*

*In re Pac. Enterprises Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ............................................................................ 8, 12

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ................................................................................ 6

*In re Sumitomo Copper Litig.*,
189 F.R.D. 274 (S.D.N.Y. 1999)........................................................................ 16

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) ............................................................................. 5

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions
Act (FACTA) Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014) ...................................................................... 18

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
535 F. Supp. 2d 249 (D.N.H. 2007) .................................................................. 14

- iv -

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND
EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ................................................................*passim*

*Jenson, v. First Tr. Corp.*,
    No. CV 05-3124 ABC (CTX), 2008 WL 11338161 (C.D. Cal. June
    9, 2008) ...................................................................................................... 18, 19

*Jiangchen v. Rentech, Inc.*,
    No. CV 17-1490-GW(FFMX), 2019 WL 5173771 (C.D. Cal. Oct.
    10, 2019) .......................................................................................................... 10

*Johnson v. US Auto Parts Network, Inc.*,
    No. CV07-2030-GW(JCX), 2008 WL 11343481 (C.D. Cal. Oct. 9,
    2008) .................................................................................................................. 8

*Katz v. China Century Dragon Media, Inc.*,
    No. LACV1102769JAKSSX, 2013 WL 11237202 (C.D. Cal. Oct.
    10, 2013) ..................................................................................................... 13, 17

*Lopez v. Youngblood*,
    No. CV-F-07-0474 DLB, 2011 WL 10483569 (E.D. Cal. Sept. 2,
    2011) .................................................................................................................. 6

*Luna v. Marvell Tech. Grp.*,
    No. C 15-05447 WHA, 2018 WL 1900150 (N.D. Cal. Apr. 20,
    2018) ................................................................................................................ 17

*Millan v. Cascade Water Servs., Inc.*,
    No. 112CV01821AWIEPG, 2016 WL 3077710 (E.D. Cal. May 31,
    2016) ................................................................................................................ 13

*Morris v. Lifescan, Inc.*,
    54 F. App'x 663 (9th Cir. 2003) ....................................................................... 13

*Ontiveros v. Zamora*,
    303 F.R.D. 356 (E.D. Cal. 2014) ...................................................................... 17

*Parkinson v. Hyundai Motor Am.*,
    796 F. Supp. 2d 1160 (C.D. Cal. 2010) ............................................................ 14

*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F.2d 268 (9th Cir. 1989) ............................................................................ 5

- v -

*Razilov v. Nationwide Mut. Ins. Co.*,
  No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) .................... 19

*Redwen v. Sino Clean Energy, Inc.*,
  No. CV 11-3936 PA (SSX), 2013 WL 12303367 (C.D. Cal. July 9,
  2013) ........................................................................................................ 8

*Robbins v. Koger Properties, Inc.*,
  116 F.3d 1441 (11th Cir. 1997) ........................................................ 11

*Roberti v. OSI Sys., Inc.*,
  No. CV1309174MWFMRW, 2015 WL 8329916 (C.D. Cal. Dec. 8,
  2015) ................................................................................................ 14, 15

*Romero v. Producers Dairy Foods, Inc.*,
  No. 1:05CV0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14,
  2007) ................................................................................................ 12

*Sawant v. Ramsey*,
  No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9,
  2012) ................................................................................................ 11

*Singer v. Becton Dickinson & Co.*,
  No. 08-CV-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1,
  2010) ................................................................................................ 12

*Spann v. J.C. Penney Corp.*,
  211 F. Supp. 3d 1244 (C.D. Cal. 2016) ............................................ 15

*Steiner v. Am. Broad. Co.*,
  248 F. App'x 780 (9th Cir. 2007) ...................................................... 15

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) .......................................................................... 5

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
  669 F.3d 632 (5th Cir. 2012) ............................................................ 6

*Vandervort v. Balboa Cap. Corp.*,
  8 F. Supp. 3d 1200 (C.D. Cal. 2014) ................................................ 13

*Vincent v. Hughes Air W., Inc.*,
  557 F.2d 759 (9th Cir. 1977) ............................................................ 4

- vi -

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ........................................................... 6, 7, 8, 13

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96 (2d Cir. 2005) ................................................................ 6

*Yedlowski v. Roka Bioscience, Inc.*,
    No. 14-CV-8020-FLW-TJB, 2016 WL 6661336 (D.N.J. Nov. 10,
    2016) .................................................................................................. 9

**Statutes**

15 U.S.C. § 78u-4 ................................................................................. 6, 18

Private Securities Litigation Reform Act of 1995 ............................................*passim*

**Other Authorities**

H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ................................... 18

Janeen McIntosh, Svetlana Starykh, and Edward Flores, *Recent Trends
    in Securities Class Action Litigation: 2022 Full-Year Review*
    (NERA Jan. 24, 2023) ...................................................................... 7

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND
EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

Class Representative Gergely Csaba ("Plaintiff"), individually and on behalf of all other persons similarly situated, submits this memorandum in support of his motion for an award of attorneys' fees, reimbursement of expenses, and PLSRA award to Plaintiff.

## I.   INTRODUCTION

The Parties reached a Settlement to resolve this Action for $2,400,000.[1]  This is an excellent outcome in the face of substantial risks and is the result of Class Counsel's vigorous, persistent, and skilled efforts.  Plaintiff now respectfully moves this Court for an award of attorneys' fees of 33.33% of the Settlement Amount, or $799,920.00, reimbursement of expenses incurred of $166,383.87, and an award to Plaintiff of $7,500, each to be paid from the Settlement Fund.

Litigants who create a common fund for the benefit of a class are entitled to an award of attorneys' fees and reimbursement of expenses from the common fund.  In the Ninth Circuit, courts typically determine attorneys' fees as a percentage of the common fund.  The main factors courts consider in setting the percentage award are the quality of the result, the risk undertaken, and the reaction of the class.  Courts also cross-check the award against the time and effort counsel expended.  Here, each

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Amended Stipulation and Agreement of Settlement, filed on February 26, 2024 ("Amended Stipulation") (Dkt. No. 75-2).  Internal citations and quotations are omitted and emphasis is added unless otherwise noted.  Citations to the "Van Decl." are to the Declaration of Austin P. Van, filed herewith.  Citations to "Suppl. Mahan Decl." are to the Supplemental Declaration of Joseph Mahan Regarding Notice of Dissemination, Publication, and Report on Objections or Requests For Exclusion Received to Date, attached as **Exhibit 1** to the Van Decl.  Citations to the "Mahan Decl." are to the Declaration of Joseph Mahan Regarding Notice of Dissemination, Publication, and Report on Objections or Requests For Exclusion Received to Date, which was filed with the Court on July 25, 2024 (ECF No. 80-1). Citations to "Csaba Decl." are to the Declaration of Class Representative Gergely Csaba, attached as **Exhibit 2** to the Van Decl.  Citations to "Final Approval Brief" are to the Memorandum of Points and Authorities in Support of Motion for Final Approval of Settlement and Plan of Allocation, filed herewith.

of these factors weighs in favor of awarding Class Counsel attorneys' fees of 33.33% of the Settlement Amount.

The Parties reached the Settlement after informed, lengthy, arm's-length negotiations with the aid of well-regarded mediator Jed Melnick of JAMS. As detailed below and in the accompanying Van Decl., the Settlement represents a favorable recovery for the Class under the circumstances. In the absence of a settlement, the Action would likely have continued for years through the completion of fact discovery, expert discovery, summary judgment, trial, and likely appeals. This Settlement is also a favorable result for Class Members in light of several obstacles Plaintiff faced, including: the amount of potentially recoverable damages; Defendants' potential defenses; the risks of prosecuting this litigation through trial; and potential barriers to recovery relating to the collectability of a judgment. Despite these substantial obstacles, Plaintiff and Class Counsel reached a timely and substantial resolution for the Class.

It was not easy. In representing the Class and obtaining this result, Class Counsel took on substantial risk. Defendants were represented by highly skilled litigators, and Class Counsel faced numerous hurdles and risks, including the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA imposes several procedural obstacles to alleging securities fraud, and its pleading standards in particular are "not [] easy [] to comply with." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Despite these significant hurdles, Class Counsel vigorously pursued this case for over two years without any payment at all while funding all expenses of the litigation with no guarantee of recouping those costs. Among other things, Class Counsel: (1) interviewed with many former Franklin employees; (2) consulted with, and obtained reports and analyses from, experts regarding loss causation and damages; (3) reviewed Franklin's public statements, SEC filings, annual reports, press releases, and other publicly available information; (4) reviewed analysts'

- 2 -

reports and articles related to Franklin; overcame Defendants' challenge to class certification, resulting in the Court's certification of the Class; (6) conducted extensive fact discovery, including review of thousands documents produced by Defendants, as well as third-party discovery from Verizon, Inc.; (7) drafted detailed mediation statements which included relevant exhibits and addressed both liability and damages; (8) participated in a mediation session with an experienced mediator; (9) engaged in extensive negotiations regarding the terms of the proposed Settlement; and (10) worked with a financial damages expert to craft a plan of allocation that treats Plaintiff and all other Class members fairly.

The Class so far appears to approve of Class Counsel's work. The deadline to file objections was August 1, 2024, and neither Class Counsel nor the Claims Administrator have received or been informed of any objections to the Settlement or fee request, as previewed in the notice sent to potential Class Members. Suppl. Mahan Delc., ¶9; Van Decl., ¶¶19, 55. Exclusion requests are due by September 18, 2024, and to date no Class Member has requested exclusion. Suppl. Mahan Decl., ¶9; Van Decl., ¶56.

Class Counsel also seeks reimbursement of out-of-pocket litigation expenses incurred in connection with the prosecution of this action in the amount of $166,383.87. These expenses, including court filings fees, discovery vendor fees, deposition fees, expert fees, investigator fees, mediation fees, process server fees, translation service fees, travel expenses and administrative expenses, were reasonable and necessary for the successful prosecution of the Action, are substantially less than the $300,000.00 in expenses that Class Counsel had previously said they would seek up to in the Notice, and are regularly awarded in this Circuit.

Finally, Plaintiff seeks an award pursuant to the PSLRA of $7,500, as compensation for the time Plaintiff spent representing the Class and carrying out his obligations in the Action. This request is reasonable in light of the time Plaintiff

- 3 -

spent in connection with this Action on behalf of the Class and is in line with awards granted in similar actions.

For these reasons, as well as those set forth below and in the Van Decl. and the supporting documents therewith,[2] Class Counsel respectfully submits that the requested attorneys' fees are fair and reasonable under the applicable standards and should therefore be awarded by the Court.  The reimbursement of costs and expenses requested by Class Counsel and Plaintiff are likewise reasonable and necessarily incurred in the successful prosecution of the Action.  Accordingly, they too should be approved.

## II.    CASE BACKGROUND

A summary of Plaintiff's allegations and the procedural history of this Action are set forth in the Final Approval Brief, part II.

## III.    THE COURT SHOULD AWARD ATTORNEYS' FEES OF 33.33% OF THE SETTLEMENT FUND

### A.    Class Counsel Are Entitled to a Fee Award from the Common Fund They Secured for the Class

"[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).  The purpose of this doctrine is to avoid unjust enrichment.  "[T]hose who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*").  "The amount of such a reward is that which is deemed 'reasonable' under the

---

[2] In support of these applications, Plaintiff also submits:  (a) Suppl. Mahan Decl.; and (b) Csaba Decl.

- 4 -

circumstances." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

Reasonable fee awards are necessary in securities class actions. The Supreme Court has "long recognized that meritorious private actions to enforce federal antifraud securities laws are an essential supplement to criminal prosecutions and civil enforcement actions brought [] by the Department of Justice and the Securities and Exchange Commission." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007); *Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317, Brief for the United States as Amicus Curiae Supporting Respondent, at 1-2. *Tellabs* and *Halliburton* were both class actions alleging securities fraud. Attorneys' fee awards were necessary to provide incentives for private lawyers to file those actions, and an award is necessary and appropriate here for the same reasons.

It is within the "sound discretion of the district courts to appraise the reasonableness of [] settlements on a case-by-case basis." *Evans v. Jeff D.*, 475 U.S. 717, 742 (1986). The Ninth Circuit strongly favors settlement "particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

**B.     The Court Should Award Class Counsel a Reasonable Percentage of the Common Fund**

Under the "common fund doctrine" a reasonable fee may be based on "a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). Courts in the Ninth Circuit have discretion to award fees in common fund cases based on either the "lodestar/multiplier" method or the percentage-of-the-fund method. *WPPSS*, 19 F.3d at 1295-96. "Despite this discretion, use of the percentage method in common fund cases appears to be dominant." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

Among other benefits, the percentage-of-the-fund method "aligns the interests of class counsel and the class, rather than rewarding attorneys for hours spent on

cases, as the lodestar method does." *In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 196 (S.D. Cal. 1996); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, n.5 (9th Cir. 2002) (affirming 28% fee, representing 3.65 multiplier, disfavoring lodestar for incentivizing lawyers to generate more hours and not to settle early). The percentage method also "provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). The percentage method also preserves judicial resources by sidestepping a time-consuming lodestar analysis while saving the Settlement Class from the delays necessitated by the Court's review. *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *4 (E.D. Cal. Sept. 2, 2011) ("the lodestar method is difficult to apply [and] time consuming to administer.").

Finally, the PSLRA provides that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the Plaintiffs class shall not exceed a ***reasonable percentage*** of the amount" recovered for the class. 15 U.S.C. § 78u-4(a)(6). "Part of the reason behind the near-universal adoption of the percentage method in securities cases is that the PSLRA contemplates such a calculation." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 643 (5th Cir. 2012); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005).

For these reasons the Court should award attorneys' fees based on the percentage-of-recovery method. The Court should use an informal lodestar cross-check only to assess the reasonableness of the percentage award. *See Vizcaino*, 290 F.3d at 1050, n.5 (using lodestar as "a cross-check on the reasonableness of a percentage figure"); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) ("the district court properly performed an informal lodestar cross-check").

**C.    The Requested Attorneys' Fees are Reasonable and Merited**

Factors that courts use to determine whether the requested percentage is fair and reasonable include: (1) the results achieved; (2) the risk and complexity of the

- 6 -

litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; (6) awards made in similar cases; (7) the reaction of the class; and (8) the lodestar cross-check. *See Vizcaino*, 290 F.3d at 1047; *Omnivision*, 559 F. Supp. 2d at 1046. Of course, "[t]he relative degree of importance to be attached to any particular factor will depend upon ... the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *3 (S.D. Cal. Nov. 4, 2009). Here, each of these factors supports awarding Class Counsel attorneys' fees of 33.33% of the Settlement Fund.

**1.      Class Counsel Achieved a Fair, Reasonable, and Adequate Result for the Class**

Courts have consistently recognized that the ultimate result achieved is a major factor to be considered in making a fee award. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (finding the "most critical factor is the degree of success obtained"); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013) (tethering fee award "to the value of the class recovery").

The Settlement value, totaling $2,400,000.00 in cash, plus interest, constitutes approximately 12.9% of the estimated damages of $18.6 million under Plaintiff's best-case scenario as estimated by Plaintiff's damages expert. This is a highly favorable result, particularly in light of the considerable risks of litigation presented here. This recovery is well above the median recovery of 1.8% in securities class actions settled in 2022.[3] *See also In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *8-9 (C.D. Cal. June 10, 2005) (average recovery between 2%

_____

[3] *See* Janeen McIntosh, Svetlana Starykh, and Edward Flores, *Recent Trends in Securities Class Action Litigation: 2022 Full-Year Review* (NERA Jan. 24, 2023) at 18 (Fig. 19)) (median recovery in securities class actions in 2022 was approximately 1.8% of estimated damages).

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

to 3% of maximum damages).  The recovery here compares favorably to recoveries in similar securities class action settlements, supporting the requested fee.

### 2.    The Risks and Complexity of the Litigation Support the Requested Fee Amount

The risks and complexity of the litigation are important factors in determining a fee award.  *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (fees were justified "because of the complexity of the issues and the risks."); *Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance"); *WPPSS*, 19 F.3d at 1299-1301.

Securities class actions are often complex, difficult to prove, and risky.  *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *6 (C.D. Cal. June 10, 2005); *Redwen v. Sino Clean Energy, Inc.*, No. CV 11-3936 PA (SSX), 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013) ("Courts experienced with securities fraud litigation, 'routinely recognize that securities class actions present hurdles to proving liability that are difficult for plaintiffs to clear.'") (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *17 (S.D.N.Y. Nov. 8, 2010)); *Johnson v. US Auto Parts Network, Inc.*, No. CV07-2030-GW(JCX), 2008 WL 11343481, at *3 (C.D. Cal. Oct. 9, 2008) ("a number of courts have commented on the difficulty and uncertainty of maintaining a securities class action.").  "[T]o be successful, a securities class-action Plaintiffs must thread the eye of a needle made smaller and smaller over the years by judicial decree and congressional action." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 235 (5th Cir. 2009).

Plaintiff faced significant legal and practical risks if litigation were to continue. Plaintiff's claims were subject to the PSLRA's stringent pleading standards.  As a court observed in dismissing securities claims brought against BP following the Deepwater Horizon disaster, "[t]he Court is acutely aware that federal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable

- 8 -

challenges to successful pleading." *In re BP P.L.C. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012). "Legal precedents are continually making it more difficult to plead securities class actions," so courts have awarded higher fees in securities actions. *Yedlowski v. Roka Bioscience, Inc.*, No. 14-CV-8020-FLW-TJB, 2016 WL 6661336, at *21 (D.N.J. Nov. 10, 2016). Under the PSLRA, the element of scienter is particularly difficult to prove. *In re LJ Int'l, Inc. Sec. Litig.*, No. CV0706076GAFJWJX, 2009 WL 10669955, at *3 (C.D. Cal. Oct. 19, 2009). Plaintiff also faced significant risks of continued litigation beyond the pleading stage, such as maintaining class certification status, conducting lengthy and expensive fact and expert discovery, surviving Defendants' anticipated motion for summary judgment, winning at trial, and defeating any post-trial motions or appeals. Further, Plaintiff would have risked becoming victim of his own success in continuing litigation because Defendants' legal fees would reduce the assets available for recovery.

As discussed in greater detail in the Van Decl. and Final Approval Brief, Defendants had number of substantial arguments from the outset of the case concerning, among other things, falsity, scienter, loss causation, and damages that could have eliminated any recovery for Plaintiff and the Class in the Action—and thus resulted in no compensation whatsoever for Class Counsel. If the case had moved forward, Plaintiff anticipates Defendants would present strong arguments challenging Plaintiff's pleading and proof on all elements in their expected motion(s) for summary judgment and/or at trial, and likely appeals, which would extend the litigation for years and might lead to a smaller recovery or no recovery at all. For example, Defendants would contest: whether any alleged false and misleading statements were made with the requisite state of mind (i.e., scienter) to support the securities fraud claims alleged; Plaintiff's losses were not causally connected to the alleged false and misleading statements; and Plaintiff could not establish loss causation and damages. While Plaintiff strongly believes in his case, had the

- 9 -

litigation continued there is simply no guarantee that the finder of fact would ultimately adopt Plaintiff's view of the case. These substantial risks strongly support the fee requested.

### 3. Class Counsel Skillfully Managed This Case Against Formidable Adversaries

The skill required to litigate the case and the quality of work performed support the requested fee award. "The prosecution and management of a complex national class action requires unique legal skills and abilities. This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMX), 2019 WL 5173771, at \*10 (C.D. Cal. Oct. 10, 2019); *In re Am. Apparel, Inc. S'holder Litig.*, No. CV1006352MMMJCGX, 2014 WL 10212865, at \*22 (C.D. Cal. July 28, 2014) (similar).

The Court-appointed Class Counsel, Pomerantz LLP ("Pomerantz"), have amassed the skills and experience needed to prosecute this case through their considerable experience litigating and successfully settling securities class actions for decades and recovering billions for injured investors. *See* ECF No. 6-7 (Pomerantz firm resume). They have repeatedly shown they are willing and able to litigate a case to resolution.

"[T]he quality of opposing counsel is [also] important in evaluating the quality of Plaintiffs' counsel's work." *Heritage Bond*, 2005 WL 1594403, at \*20. Here, Defendants' counsel, Seltzer Caplan McMahon Vitek and SML Avvocatti P.C., are preeminent firms with skilled securities practitioners, who vigorously represented their clients and knowledgeable about the merits of the case. Van Decl., ¶49. That Class Counsel achieved a favorable Settlement in the face of such formidable opposition weighs in favor of the requested fee.

- 10 -

### 4.    Class Counsel Undertook a Significant Financial Risk

The risk of receiving little or no recovery is a major factor in awarding attorneys' fees. *See WPPSS*, 19 F.3d at 1299; *Heritage Bond*, 2005 WL 1594389, at *14 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.").

Contingency fee risk is not illusory. In many cases, plaintiffs' attorneys invest thousands of hours and receive no remuneration whatsoever. Since the PSLRA was enacted, a high percentage of securities cases have been dismissed at the pleading stage. However, the risks do not end at the motion to dismiss stage. In fact, even when a plaintiff is successful at trial, payment is not guaranteed. *See Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of $81 million for plaintiffs against an accounting firm reversed on appeal on loss causation grounds and judgment entered for defendant); *Sawant v. Ramsey*, No. 3:07-CV-980 VLB, 2012 WL 3265020 (D. Conn. Aug. 9, 2012) (law firm spent thousands of hours securing a trial verdict only to find it impossible to collect on the judgment).

The risks in this case were no different. Class Counsel's fee was entirely contingent, so the only certainty was that there would be no fee without a successful result and that such a result would only be realized after significant amounts of time, effort and expense had been expended. *See* Van Decl., ¶¶18, 37, 50. Class Counsel risked non-payment of 1,489.31 hours of professional time worth $921,634.50, as well as incurring expenses of $166,383.87, for over two years to bring this case to a successful conclusion. *See* Van Decl., ¶42-45 (summarizing Class Counsel's lodestar and expenses in further detail). "This type of substantial outlay, when there is a risk that no money will be recovered, further supports the award of the requested fees." *Am. Apparel*, 2014 WL 10212865, at *22; *see also City of Providence v. Aeropostale, Inc.*, No. 11 CIV. 7132 CM GWG, 2014 WL 1883494, at *14 (S.D.N.Y. May 9, 2014) ("the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis").

**5.      Fee Awards Granted in Similar Cases Further Support an Award of 33.33% of the Settlement Fund**

Although the Ninth Circuit has established a benchmark for attorneys' fees in common fund cases of 25%, the Court may adjust upwards or downwards for special circumstances. *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming fee of one-third of settlement fund); *Heritage Bond*, 2005 WL 1594403, at *18 (awarding one-third of settlement amount). Courts in the Ninth Circuit have recognized that "in most common fund cases, the award exceeds the benchmark" and that "this is particularly true in securities class actions." *Am. Apparel*, 2014 WL 10212865, at *23; *Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds [the] benchmark."); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05CV0484 DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (approving a fee award of 33% of the common fund, and noting that "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery").

Courts in the Ninth Circuit commonly award fees of up to one third of the settlement funds where counsels' efforts are substantial and the results are superior. *Heritage Bond*, 2005 WL 1594403, at *19 (awarding one-third of the fund, and collecting cases awarding one third of the fund); *see also Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *10 (S.D. Cal. Sept. 28, 2017) (listing cases within the Ninth Circuit that approved a fee award of one-third the common fund).

Courts in the Ninth Circuit also routinely award attorneys' fees above the benchmark in non-securities, common fund actions. *See, e.g.*, *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (awarding attorneys' fees of one-third of common fund and collecting cases noting that "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded in similar

- 12 -

cases."); *Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *12 (C.D. Cal. Nov. 18, 2014) (awarding one-third fee); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% fee); *Millan v. Cascade Water Servs., Inc.*, No. 112CV01821AWIEPG, 2016 WL 3077710, at *11–12 (E.D. Cal. May 31, 2016) (approving an award of 33% of the common fund); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (awarding one-third of the settlement fund).

The requested 33.33% fee is also in line, or lower, than contingent fees in individual cases, which typically range from 30% to 40% of the recovery. *See, e.g.*, *Blum*, 465 U.S. at 903 n.20 ("In tort suits, an attorney might receive one-third of whatever amount the Plaintiffs recovers."); *Katz v. China Century Dragon Media, Inc.*, No. LACV1102769JAKSSX, 2013 WL 11237202, at *8 (C.D. Cal. Oct. 10, 2013) ("[C]ontingency fee arrangements generally range from 30% to 40% of final recovery.").

The guiding principle in this Circuit is that a fee award be "reasonable under the circumstances." *WPPSS*, 19 F.3d at 1296. Here, in view of the result obtained, the unique risks avoided in achieving a prompt and substantial recovery, the contingent fee risk, and the fees awarded in similar securities class actions in this Circuit, an award of 33.33% of the Settlement Amount obtained for the Class is reasonable.

**6.    An Informal Lodestar Crosscheck Confirms the Reasonableness of the Requested Fee Award**

"In cases where courts apply the percentage-of-the-fund method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *Am. Apparel*, 2014 WL 10212865, at *20; *Vizcaino*, 290 F.3d at 1050 ("the lodestar may provide a useful perspective on the reasonableness of a given percentage award"). Courts calculate lodestar by assessing

- 13 -

attorneys' hourly rates for reasonableness and multiplying the rates by the number of hours reasonably spent, and then cross-checking the resulting number against the fee award. *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 845 (E.D. Va. 2016). "In securities class actions, it is common for a counsel's [lodestar] figure to be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel." *Heritage Bond*, 2005 WL 1594403, at *22.

When using the lodestar to calculate attorney fee awards, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). When the lodestar is merely used as a cross-check, "the focus is not on the necessity and reasonableness of every hour of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007). Thus, "an itemized statement of legal services is not necessary for an appropriate lodestar cross-check." *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012). Here, an informal lodestar cross-check on the percentage of the Settlement Amount requested further supports the reasonableness of the requested fee.

"Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010). Class Counsel's hourly rates for attorneys who worked on this case range from up to $1,325 for partners to $450 for associates. Van Decl., ¶42. These rates are consistent with those of other attorneys engaged in similar litigation in this District. *See, e.g., In re Amgen Inc. Sec. Litig.*, No. CV 7-2536 PSG (PLAX), 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (in securities class action, approving hourly rates of $750-985 for partners, $500-800 for of counsel/senior counsels, and $300-725 for other attorneys); *Roberti v. OSI Sys., Inc.*, No. CV1309174MWFMRW,

- 14 -

2015 WL 8329916, at *7 (C.D. Cal. Dec. 8, 2015) (in securities class action, approving hourly rates of between $525 and $975).

Here, Class Counsel dedicated 1,489.31 hours of professional time prosecuting this litigation from its inception. *Id.* In addition to the time expended to date, Class Counsel will spend additional time preparing Plaintiff's reply in support of final approval, preparing for and attending the final approval hearing, directing the claims administration process, and filing a motion for final distribution, but will not seek further compensation. Van Decl., ¶48. Class Counsel's total lodestar, based on its attorneys' current rates, is $921,634.50. Van Decl., ¶39. An award of 33.33% of the Settlement Fund, or $799,920.00, results in a lodestar multiplier of 0.68, Van Decl., ¶46, well below the range typically awarded in this District. *See, e.g.*, *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) ("this multiplier [of 6.85] falls well within the range of multipliers that courts have allowed"); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) ("Counsel's lodestar yields a 3.07 multiplier, which is well within the range for reasonable multipliers."); *Feller v. Transamerica Life Ins. Co.*, No. 16CV01378CASGJSX, 2019 WL 6605886, at *13 (C.D. Cal. Feb. 6, 2019) (2.97 multiplier "well-within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit."); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013) ("Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases."); *Buccellato v. AT&T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (granting 4.3 multiplier). The lodestar crosscheck, therefore, supports Plaintiff's request for 33.33% of the Settlement Amount in attorneys' fees.

### 7.     The Class's Reaction Supports the Requested Fee

"The existence or absence of objectors to the requested attorneys' fee is a factor in determining the appropriate fee award." *Heritage Bond*, 2005 WL 1594403, at *21; *see also Omnivision*, 559 F. Supp. 2d at 1048. In total, ,704 Notice Packets

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

have been disseminated to potential Class Members and nominees. Suppl. Mahan Decl., ¶4. The Claims Administrator also published the Summary Notice on *Globe Newswire*. Mahan Decl. (ECF No. 80-1), ¶10, Ex. B. The Summary Notice directed potential Class Members to where they could access the full-length Notice, which was also posted on a Settlement-specific website. The Notice informed Class Members that Class Counsel would seek attorneys' fees of up to 33.33% of the Settlement Amount, plus interest, and litigation expenses in an amount not to exceed $300,000, and that they may seek an Award to Plaintiff. Mahan Decl. (ECF No. 80-1), Ex. A, ¶5, 65. The Notice also advised Class Members of their right to object to these requests for relief or to request exclusion from the Settlement and explained how to do so. *Id*., ¶¶66-78.

The deadline for potential Class Members to submit objections was August 1, 2024, and the deadline for requests for exclusion was September 18, 2024. To date, no Class Member has objected to the Settlement or to the requested attorneys' fees or reimbursement of expenses. Suppl. Mahan Decl., ¶9; Van Decl., ¶¶19, 55. The absence of objections to date demonstrates the overall positive reaction of the Class, which strongly supports the fee request. *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). The Claims Administrator has received no exclusion requests. Suppl. Mahan Decl., ¶8; Van Decl., ¶56. The lack of requests for exclusion further demonstrates the positive reaction of the Class, which supports the requested fee. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supported approval of the settlement); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (reaction of class supported settlement when two large traders and small number of other class members representing under 1% of class opted-out of the settlement).

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

## IV.   CLASS COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARY TO ACHIEVE THE BENEFIT OBTAINED

"[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014); *Omnivision*, 559 F. Supp. 2d at 1048 ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters."). The Notice informed potential Class Members that Class Counsel would seek expenses in an amount not to exceed $300,000. Mahan Decl. (ECF No. 80-1), Ex. A, ¶5, 65. Class Counsel requests reimbursement of $166,383.87 it incurred prosecuting this Litigation, well within the maximum amount described in the Notice. Van Decl., ¶45. These expenses are the types that are routinely charged to fee-paying clients. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *see also Immune Response*, 497 F. Supp. 2d at 1177.

Class Counsel pursued this litigation knowing that it could recover its expenses only if Plaintiff and the putative Class prevailed at trial and survived on appeal or reached a settlement. Van Decl., ¶¶18, 37, 50. Class Counsel had no incentive to incur, and did not incur, unnecessary expenses. All of Class Counsel's expenses were reasonably incurred and necessary for the prosecution of this litigation. *Id.*, ¶45. The bulk of Class Counsel's expenses consisted of fees for a damages expert, discovery vendor fees, mediator fees, and investigator fees. *Id*. The damages expert was needed to analyze potential damages so that Class Counsel could properly evaluate the value of the Class's claims. The remainder of Class Counsel's expenses consisted primarily of court filing fees, online legal research fees, deposition and court reporting fees, process server fees, translation services fees, travel fees, and other miscellaneous expenses. *Id*. Courts have held that these and similar types of expenses are properly charged to the Class. *See, e.g.*, *Katz*, 2013 WL 11237202, at *8; *Luna v. Marvell Tech. Grp.*, No. C 15-05447 WHA, 2018 WL 1900150, at *4

- 17 -

(N.D. Cal. Apr. 20, 2018) (reimbursement for experts, investigators, travel, filing costs, photocopies, and online legal and factual research granted as they were all reasonable and necessary). The categories of expenses for which Class Counsel seeks reimbursement are the type routinely billed to hourly clients and, therefore, should be paid out of the common fund.

## V.   THE COURT SHOULD APPROVE THE AWARD TO PLAINTIFF

The Court should also award Plaintiff $7,500 as compensation for the time he spent representing the Class. The PSLRA empowers courts to grant awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class. *See* 15 U.S.C. § 78u-4(a)(4); H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 35 (1995) ("The Conference Committee recognizes that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiffs, including lost wages, and grants the courts discretion to award fees accordingly."). Such awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. 2014); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) ("Courts across the country embrace incentive awards in light of the enormous benefits created by the class representatives.").

Throughout this litigation, Plaintiff was available to Class Counsel as needed and performed his duties with attentiveness and diligence. Plaintiff took an active role in the litigation by, among other things, reviewing all significant pleadings and briefs in the Action, communicating regularly with Class Counsel regarding developments in the Action, monitoring the progress of settlement negotiations, and approving the Settlement. *See* Van Decl., ¶61. Plaintiff was actively involved in the case and put the concerns of the Class at the forefront. These are the kinds of

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

activities that warrant reimbursement for the time and effort Plaintiff expended on the Class's behalf.

The Notice informed Class Members that Class Counsel may seek an award for Plaintiff related to his representation of the Class. Mahan Decl. (ECF No. 80-1), Ex. A, ¶5, 65. To date, no objections have been raised in response to this request. Suppl. Mahan Decl., ¶9; Van Decl., ¶¶19, 55. Courts in this Circuit routinely award representative plaintiffs similar or greater amounts. *See, e.g.*, *Brown v. China Integrated Energy Inc.*, No. CV1102559BROPLAX, 2016 WL 11757878, at *14 (C.D. Cal. July 22, 2016) ($10,000 each to lead plaintiffs); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) ($20,000 reimbursement to lead Plaintiffs); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) ($10,000 reimbursement to lead plaintiffs); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006) ($10,000 award to plaintiffs).

Plaintiff dedicated his own valuable time, faithfully representing the Class. Here, the requested award to Plaintiff is reasonable, amounting to less than 0.004% of the Settlement Fund. The Court should award the requested amount to Plaintiff.

## VI.   CONCLUSION

For the foregoing reasons, the Court should award: (i) attorneys' fees of 33.33% of the Settlement, or $799,920.00, together with interest thereon; (ii) reimbursement of expenses of $166,383.87; and (iii) an award of $7,500 to Plaintiff.

Dated:   September 19, 2024          Respectfully Submitted,

**POMERANTZ  LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman (*pro hac vice*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016

- 19 -

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Counsel for Class*

**THE PORTNOY LAW FIRM**
Lesley F. Portnoy
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
Facsimile: (212) 697-7296
lesley@portnoylaw.com

*Additional Class Counsel*

MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND
EXPENSES AND AWARD TO PLAINTIFF; 3:21-cv-00687-AJB-MSB

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van