Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Christopher M. Ferri (SBN 344112)
cmf@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel. 949.636.1391

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN,<br><br>Defendants. | Case No. 3:21-cv-00687-AJB-MSB<br><br>**OPPOSITION TO PLAINTIFF'S MOTIONS**<br><br>Date: November 14, 2024<br>Time: 2:00 p.m.<br>Ctrm: 4A<br><br>Honorable Anthony J. Battaglia |

Pursuant to this Court's Scheduling Orders (*see* ECF Nos. 86-87),[1] Defendants oppose as follows certain aspects of Plaintiff's pending Motions. *See* ECF No. 81 and 83-84.

---

[1] The Court set a single hearing date but different response deadlines of October 3, 2024 (*see* ECF No. 86) and October 9, 2024 (*see* ECF No. 87) for Plaintiff's

**<u>Response</u>**

Concerning Plaintiff's Motion to Seal Attorney Time Records (*see* ECF No. 81), Plaintiff asserts only vaguely and generally that its attorney time records "***could*** reveal . . . sensitive and potentially privileged information related to the Counsel's view on the case and discussions with the Client." ECF No. 81 at 4 (citing and quoting *Travelers Prop. Cas. Co. v. Centex Homes*, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013)). Plaintiff has not justified any grounds for wholesale sealing of the time records; instead, redaction should be required and limited to truly privileged information. *See, e.g., Ard v. Or. State Bar*, No. 20-2143, at *6 (D. Or. Nov. 28, 2022) ("Attorneys are entitled to 'considerable secrecy' over internal affairs, but redactions from billing records should 'not impair the ability of the court to judge whether the work was an appropriate basis for fees.'") (quoting *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004)); *id.* ("If an entire entry is redacted, it may be appropriate to subtract that entry.") (citing *Biggar v. Oregon Bd. of Optometry*, 2018 WL 2244704, at *2 (D. Or. May 16, 2018)). In ruling on the sealing request, this Court should weigh less-drastic means for providing protection for privileged information, such as appropriate and limited redactions.

Concerning Plaintiff's Motion for Final Approval of Settlement (*see* ECF No. 83), although Defendants disagree that "the merits of the [Plaintiff's] case are strong," Defendants agree that the settlement is "the best outcome for the Class"

---

various motions. Counsel was remiss in calendaring correctly the differing deadlines. This response may be untimely, in part; however, Defendants respectfully request the Court consider the few points and authorities presented herein.

-2-

and Defendants, so long as the settlement funds are used principally to pay "a substantial cash recovery for the Class" (as Plaintiff states), and not excessively to Plaintiff's counsel.

Concerning Plaintiff's Motion for Award of Attorneys' Fees and Expenses (*see* ECF No. 84), Defendants contend that the requested award including "attorneys' fees of 33.33% of the Settlement Amount, or $799,920.00, [and] reimbursement of expenses incurred of $166,383.87" is unduly excessive. Plaintiff suggests that the settlement was "the result of Class Counsel's vigorous, persistent, and skilled efforts," but the case docket shows that "the time and effort counsel expended" reasonably could be nowhere near the nearly $1 million in attorneys' fees and expenses requested. Although the parties litigated the class certification issue, following the Court's Order Granting Class Certification in early 2023 (*see* ECF No. 50) the only additional "time and effort" expended in this action was basic written discovery and responses thereto. No depositions were taken, and no further motion practice occurred before the case was settled four months later, in May 2023. *See* ECF No. 61 (Motion for Preliminary Approval of Class Action Settlement). Under no reasonable theory could Class Counsel be entitled to nearly $1 million for its work on this case, to the detriment of the "cash recovery of the Class."

### Conclusion

For each of the foregoing reasons, Defendants respectfully request that this Court should (a) deny Plaintiff's Motion to Seal Attorney Time Records (see ECF No. 81), (b) approve Plaintiff's Motion for Final Approval of Settlement (*see* ECF

Case No. 3:21-cv-00687-AJB-MSB

No. 83), and (c) award only reasonable attorneys' fees and expenses to Plaintiff's Class Counsel (*see* ECF No. 84).

Respectfully submitted,

Dated:  October 6, 2024          **SML Avvocati P.C.**

By:    /s/ Stephen M. Lobbin
       Attorneys for Defendants

-4-

## **PROOF OF SERVICE**

I hereby certify that on October 6, 2024, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

Dated:  October 6, 2024                    /s/ Stephen M. Lobbin

Case No. 3:21-cv-00687-AJB-MSB