**POMERANTZ LLP**
Jennifer Pafiti (CA Bar No. 282790)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jpafiti@pomlaw.com
avan@pomlaw.com

*Counsel for Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs<br>v.<br><br>FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN,<br><br>Defendants. | Case No.:  3:21-cv-00687-AJB-MSB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTIONS FOR (I) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF**<br><br>CLASS ACTION<br><br>Hearing Date: November 14, 2024<br>Time: 2:00 PM<br>Judge: Honorable Anthony J. Battaglia<br>Courtroom 4A (4th Floor – Schwartz) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Class Representative Gergely Csaba ("Plaintiff"), individually and on behalf of all other persons similarly situated, submits this reply memorandum ("Reply") of points and authorities:  (i) in further support of the motions for Final Approval of the Settlement and Plan of Allocation (the "Final Approval Motion"), and for award of attorneys' fees and expenses and award to Plaintiff (the "Fee and Expense Motion") (*see* ECF Nos. 83-85); and (ii) in opposition to the lone, untimely objection to the Fee and Expense Motion (the "Objection", or "Obj.") (ECF No. 88).[1]  This Reply is supported by the Second Supplemental Declaration of Joseph Mahan Regarding Timely Claims Received, Exclusions, and Objections ("Second Suppl. Mailing Decl."), attached as **Exhibit A** to the Suppl. Van Decl.

The deadline for Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the proposed attorneys' fees and expenses, and proposed award to Plaintiff was August 1, 2024.  The deadline to request exclusion from the Class was September 18, 2024.  In response to the dissemination of 2,704 Notice Packets to potential Class Members or their nominees, there have been no requests for exclusion from the Class and no objections from any Class Member to any aspect of the Settlement or proposed awards.  Second Suppl. Mailing Decl., ¶¶4, 8-9.  Accordingly, the reaction of Class Members to the proposed Settlement, Plan of Allocation, attorneys' fees and expenses, and award to Plaintiff strongly supports entering the proposed Final Judgment, filed herewith.

The deadline to object to the Final Approval and Fee and Expense Motions was October 3, 2024.  ECF No. 86.  No timely objections were filed.  One untimely Objection was filed *by Defendants* that purportedly objected to the Fee and Expense

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Amended Stipulation and Agreement of Settlement filed on February 26, 2024 ("Amended Stipulation") (Dkt. No. 75-2).  Internal citations and quotations are omitted and emphasis is added unless otherwise noted.  Citations to the "Suppl. Van Decl." are to the Declaration of Austin P. Van, filed herewith.

Motion was filed on October 6, 2024.  ECF No. 88.  Defendants' Objection was untimely and made without standing and should therefore be stricken.  However, even if the Court were to review the Objection, the objection is wholly meritless and should be overruled.

## I.    PRELIMINARY STATEMENT

Final approval is warranted because the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  After over two years of hard-fought litigation, including class certification briefing and a formal mediation session facilitated by a well-respected mediator, Plaintiff submitted a proposed settlement of this action for a total cash payment of $2.4 million for the benefit of class members.  As detailed in the opening papers (ECF Nos. 83-85), the Settlement the product of a protracted arm's-length negotiations conducted by well-informed and experienced counsel, and represents a favorable result for the Class in light of the substantial challenges that Plaintiff would have faced in proving liability and recovering damages.

Plaintiff has satisfied all elements of the Notice program authorized by this Court in the Court's Order Granting Plaintiff's Renewed Motion for Preliminarily Approval of Class Action Settlement, dated April 22, 2024 ("Preliminary Approval Order") (ECF No. 77), providing Class Members reasonable notice in plain language of the terms of the Settlement, the Plan of Allocation, and their opportunity to object to or seek exclusion from the Settlement.  In total, 2,707 Notice Packets were disseminated to potential Class Members and nominees. Second Suppl. Mailing Decl., ¶4.  The Claims Administrator also published the Summary Notice on *Globe Newswire*.  *See* ECF No. 80-1, ¶10, Ex. B (confirming publication of Summary Notice).  The Summary Notice directed potential Class Members to where they could access the full-length Notice, which was also posted on a Settlement-specific website.  Additionally, copies of the Notice, Proof of Claim Form, Stipulation and other key documents were made available on the Settlement-specific website for Class Members to review, and Class Members

could also complete and submit a Proof of Claim through the Settlement website. To date, the Settlement website has received 1,549 hits.  Second Suppl. Mailing Decl., ¶5.  Finally, a toll-free hotline and Interactive Voice Recording ("IVR") was established to answer questions of potential claimants, which, to date, has received 26 total IVR calls and 16 Live Operator calls.  Second Suppl. Mailing Decl., ¶6. Thus, the Notice provided constitutes the best notice practicable under the circumstances and satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and the Private Securities Litigation Reform Act of 1995.

The reaction of the Class also confirms that the Settlement is a very favorable result.  The August 22, 2024 claims filing deadline and the deadline for requests for exclusion and objections have passed.  To date, potential Class Members have submitted 814 claims.  Second Suppl. Mailing Decl., ¶7.  After an extensive notice program, not a single objection or request for exclusion has been received from a Class Member.  Second Suppl. Mailing Decl., ¶¶8-9.

No class member has objected to Class Counsel's request for fees.  The only purported objection to Class Counsel's request for fees comes from an untimely objection from Defendants, which is without merit and lacks standing, and should be overruled.

The complete absence of objections and opt-outs from Class Members, along with the benefits provided to Class Members by the Settlement, support final approval of the Settlement by the Court.  Given the results achieved, the overwhelming support for the proposed Settlement from the Class, and the significant amount of time, expenses and risks that continued litigation would entail, the Court should approve the proposed Settlement as fair, reasonable and

adequate and approve the plan of allocation, the requested attorneys' fees and expenses and the plaintiff compensatory award,[2] and grant the Motion to Seal.

Plaintiff incorporates by reference the Memorandums of Points and Authorities in Support of the Final Approval and Fee and Expense Motions and all supporting documentation therein, and addresses herein the reaction of the Class and the response to Defendants' Objection. *See* ECF Nos. 83-85.

## II.    ARGUMENT

### A.    The Reaction of the Class Supports Final Approval

The overwhelmingly favorable reaction of the Class to the Settlement and Plan of Allocation supports their approval. *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("The Court received objections from only 3 out of 57,630 potential Class Members who received the notice[] [and] [b]y any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In Rambus Inc., Deriv. Litig.*, No. C 06-3513 JF (HRL), 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009) (granting final approval of settlement, awarding attorneys' fees and finding that "the absence of a large number of objections to a proposed class settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). Here, not a single objection was received to any aspect of the Final Approval motion. The fact that no Class Members have objected out of a Class of at least 814 is a factor that weighs strongly in favor of approval. *See id.*; *Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."). Plaintiff and Class Counsel

---

[2] Plaintiff also submits the [Proposed] Final Judgment Approving Class Action Settlement, attached as **Exhibit B** to the Supp. Van Decl.

respectfully submit that the total absence of objections is strong evidence of the fundamental fairness of the Settlement and Plan of Allocation.

Likewise, the absence of valid requests for exclusion from the Settlement further demonstrates the Class's positive reaction to the Settlement and supports final approval.  Again, the fact that no Class Members have requested exclusion from a Class of at least 814 is a factor that weighs strongly in favor of approval. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 0.56% of eligible class members requesting exclusion); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supports settlement's approval); *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *14 (N.D. Cal. Feb. 11, 2016) (16 valid exclusion requests representing 0.176% of public shares, supported settlement approval); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-00302 MRP, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement).

**B.     The Reaction of the Class Also Supports Approval of the Requests for Award of Attorneys' Fees and Expenses and Award to Plaintiff**

The overwhelmingly positive response also supports the appropriateness of the requested attorneys' fees, expenses, and Plaintiff award.  In response to the robust, court-approved Notice Plan, no Class Members have objected to any part of the Fee and Expense Motion.  Only Defendants have objected to the Attorneys' Fee and Expense Award,[3] which is addressed below, and the Objection was untimely, lacks standing, and is without merit.  This overwhelmingly positive response supports approval of the Fee and Expense Motion.  *See In re Omnivision*, 559 F.

---

[3] Defendants untimely Objection did not raise any Objection as to the proposed Award to Plaintiff, and as such, this request remains completely unopposed.

REPLY MEMORANDUM IN SUPPORT OF MOTIONS; 3:21-cv-00687-AJB-MSB

Supp. 2d at 1048 (finding support for fee request where "the Court received only three objections and four requests to opt-out"). Likewise, the complete lack of exclusion requests relative to the size of the Class also indicates support for the requested fee. *See Chun-Hoon*, 716 F. Supp. 2d at 852; *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (reaction of class supported fee award when two large traders and small number of other class members representing 1% of class opted-out of the settlement). Accordingly, the Class's reaction strongly supports the fairness and reasonableness of these requests.

**C.    Defendants' Objection Is Both Procedurally and Substantively Deficient, and the Motion Should Be Approved**

The *sole* objection to Class Counsel's Motion for Attorney's Fees and Expenses was filed, not by any member of the Class or by anyone else with an interest in the allocation of the settlement amount, but rather by *Defendants*. Obj. at 1. This is the first instance Class Counsel is aware of in any jurisdiction in which a defendant has opposed a request for fees as part of a negotiated securities class action settlement. Defendants' objection is untimely, made without standing, and meritless. Defendants' Objection was filed after the deadline to object to the Final Approval Motion and the Fee and Expense Motion, so any purported objection to such motions should be stricken as untimely. Defendants also lack standing to pursue such an Objection, as they have no legal interest in the allocation of attorneys' fees and expenses. Finally, even if the Court were to entertain the Objection, its arguments are wholly meritless. The Court should therefore grant Plaintiff's Motion for Attorney's Fees and Expenses.

**1.    The Objection Is Untimely, Meritless, and Without Standing**

As an initial matter, Defendants' Objection to Attorneys' Fees is untimely, as it was filed after the objection deadline, which was clearly set by docket text from this Court. ECF No. 86. Defendants offer no explanation as to this failure, other than in a footnote that merely states, "Counsel was remiss in calendaring correctly

the differing deadlines." Obj. at 2, n.1. Defendants then (in the same footnote) admit that the response is untimely, but still ask the Court to consider it. *Id.* This is not the proper procedure for filing an untimely objection, and the failure to even attempt such procedure is evidence that the Objection should not be considered. *See Slotnick v. I.C.Q. Search & Recovery*, No. EDCV172294JGBKKX, 2018 WL 6258889, at *3 (C.D. Cal. Nov. 1, 2018) (where Defendant "failed to move for an enlargement of time to file its opposition under Fed. R. Civ. P. 6(b), which allows parties to move for extension of time to file even after the expiration of a filing deadline," this was evidence of "persistent carelessness and disregard for the rules of the Court" which weighed in favor of striking untimely opposition). Additionally, even if Defendants had moved for an extension of time to file the Objection after the deadline, this would require a showing of excusable neglect, which Defendants did not, and could not, allege was the case. *See id.* at *2–3:

> Under Federal Rule of Civil Procedure 60(b)(1), the Court may relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect. While "inadvertence, ignorance of the rules, or mistakes construing the rules" do not usually constitute excusable neglect, the question of whether a mistake or omission is excusable is an "elastic concept" which requires an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The relevant factors in making this determination are "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395.)

> Mistakes of law or the misconstruction of non-ambiguous rules without a persuasive justification do not generally constitute excusable neglect. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (citing *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994), as amended on denial of reh'g (Apr. 8, 1994)). In such cases, absent a persuasive justification, there "is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect," and the Court need not reach the *Pioneer* equitable factors. *Kyle*, 28 F.3d at 932.

As Defendants missed a non-ambiguous deadline and offer no persuasive justification for such failure, their Objection is inexcusable.

Additionally, and confoundingly, Defendants were well aware that Class Counsel would seek up to this amount in attorneys' fees and expenses, as the Notice (which Defendants reviewed and approved the drafting of, and were served upon filing) provided that Class Counsel "will apply to the Court for an award of attorneys' fees for all Class Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest.  In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $300,000."  ECF No. 80-1, Ex. A (Long Notice), ¶5.  As Defendants were well aware of the Settlement Amount that *they* agreed to pay, they were fully aware of what 33.33% of that amount was, and that Class Counsel could additionally seek up to $300,000 (almost double the amount ultimately sought) in expenses.  This language was present in all forms of the Notice, including the Notice that was filed with the Court with the original Preliminary Approval Application.  *See* ECF No. 63-4.  Therefore, Defendants have been on notice that Class Counsel would seek up to this amount since *at least* May 24, 2023, and yet did not once raise any objection to such terms, inform Class Counsel of any issue it had with the use of this language, attempt to negotiate a different fee cap, or otherwise.  Defendants' further failure to object to such application within the clear timeline set by the Court is therefore inexcusable, as they have been on notice of the amounts to be requested in this application for well over a year.

Furthermore, Defendants lack standing to pursue this Objection.  Defendants "have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses," as per the terms of the Amended Stipulation.  ECF No. 75-2, ¶17.  Therefore, Defendants have no legal interest whatsoever with respect to the Fee and Expense Motion, and lack standing to pursue this Objection.  *See Glasser v. Volkswagen Of Am., Inc.*, 645 F.3d 1084,

REPLY MEMORANDUM IN SUPPORT OF MOTIONS; 3:21-cv-00687-AJB-MSB

1088 (9th Cir. 2011) (no standing to challenge fee award where objector expressly disclaimed recovery under a "constructive common fund" theory, because the challenge to the fee award cannot result in redressing any injury); *see also id.* ("If modifying the fee award would not 'actually benefit the objecting class member,' the class member lacks standing because his challenge to the fee award cannot result in redressing any injury.") (quoting *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1126 (9th Cir.2002). Because Defendants are by definition excluded from the class, and they have no responsibility for or liability with respect to the allocation of the fees, they are not only not an "aggravated class member," they also cannot point to any redressable injury that a change to the amount of fees requested would result in, as such a change would not affect the amount they are liable for (which they have already paid). *See In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1008 (N.D. Cal. 2015) ("[Objector] has no legal standing to object to the settlement because he has not demonstrated that he is an aggrieved class member."); *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig. (In re First Capital)*, 33 F.3d 29, 30 (9th Cir.1994) (holding that only "an aggrieved class member" has standing to object to a proposed class settlement); *San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F.Supp.2d 1021, 1032 (N.D.Cal.1999) (noting that "nonclass members have no standing to object to the settlement of a class action") (citation omitted). *See also In re Hydroxycut Mktg. and Sales Practices Litig.,* No. 09–cv–1088 BTM, 2013 WL 5275618, at *2 (S.D.Cal. Sep. 17, 2013) ("The party seeking to invoke the Court's jurisdiction—in this case, the Objectors—has the burden of establishing standing.") (citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103–04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

In any event, even if the Court were to entertain this Objection, it is wholly meritless. Defendants do not point to a single case in support of their Objection to the Motion for Attorneys' Fees and Expenses, or contest any of the multitude of

REPLY MEMORANDUM IN SUPPORT OF MOTIONS; 3:21-cv-00687-AJB-MSB

cases and factors that Plaintiff referenced in the opening brief.  Rather, Defendants summarily state that the requested fees and expenses are "unduly excessive." Defendants argue (again, without citing any support), that "[u]nder no reasonable theory could Class Counsel be entitled to nearly $1 million for its work on this case, to the detriment of the 'cash recovery of the Class.'"  Obj. at 3.  Yet, Plaintiff offered multiple theories under which their requested fees are not only reasonable, but, as confirmed by the lodestar cross-check (which resulted in a lodestar multiplier of 0.68), *far below* the reasonable amount, considering the lodestar is *more* than the requested percentage-of-the-fund amount.  Accordingly, the request for fees is eminently reasonable, as Class Counsel is not even asking to be fully compensated for the time they spent on this matter—under their current fee request, Class Counsel will have *lost money* litigating this case on behalf of the Class.  And, importantly, Defendants offer no theory or caselaw themselves supporting their assertion that the Attorneys' Fees and Expenses requested are not reasonable. Defendants' argument that Class Counsel did not do enough work to be entitled to this request is refuted by the detailed hours filed with the Court and by ample caselaw cited by Class Counsel.  Accordingly, Defendants' Objection is without merit, and the Motion for Fees and Expenses should be approved.

## III.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiff and Class Counsel respectfully request that the Court enter the proposed Judgement filed herewith approving the Settlement, the Plan of Allocation, and the Fee and Expense Application.  Defendants' Objection should be overruled.

Dated:   October 10, 2024                Respectfully Submitted,

**POMERANTZ  LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman (*pro hac vice*)
Austin P. Van (*pro hac vice*)

600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

*Counsel for Class*

**THE PORTNOY LAW FIRM**
Lesley F. Portnoy
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
Facsimile: (212) 697-7296
lesley@portnoylaw.com

*Additional Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van