**POMERANTZ LLP**
Jennifer Pafiti (CA Bar No. 282790)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jpafiti@pomlaw.com
avan@pomlaw.com

*Counsel for Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN,<br><br>Defendants. | Case No.: 3:21-cv-00687-AJB-MSB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO SEAL ATTORNEYS TIME RECORDS EXHIBIT**<br><br><u>CLASS ACTION</u><br><br>Hearing Date: November 14, 2024<br>Time: 2:00 PM<br>Judge: Honorable Anthony J. Battaglia<br>Courtroom 4A (4th Floor – Schwartz) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Class Representative Gergely Csaba ("Plaintiff"), individually and on behalf of all other persons similarly situated, submits this reply memorandum ("Reply") of points and authorities:  (A) in further support of Plaintiff's motion to seal attorneys time records exhibit (the "Motion to Seal") (*see* ECF Nos. 81-82); and (B) in

opposition to the lone objection to such motion (the "Objection", or "Obj.") (ECF No. 88).[1]

The deadline for objections to the Motion to Seal was October 9, 2024.  ECF No. 87.  One Objection was filed on October 6, 2024.  ECF No. 88.  This objection should be overruled for the reasons detailed below.

## I.    ARGUMENT

### A.    The Reaction of the Class Supports Approval of the Motion to Seal

The *sole* objection to Plaintiff's Motion to Seal was filed, not by any member of the Class or by anyone else with an interest in the allocation of the settlement amount, but rather by *Defendants*.  Obj. at 1.  Because, as detailed below, this Objection is meritless, the Court should overrule Defendants' Objection and grant the Motion to Seal.

### B.    The Objection Is Without Merit, and the Motion Should Be Approved

Plaintiff submitted detailed time records supporting the hours each professional spent on the case, in accordance with the directive from the Court's Preliminary Approval Order that Class Counsel "MUST PROVIDE documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled."  Preliminary Approval Motion (ECF No. 77) at 15.  This information was submitted solely for assistance in the Court's review of the reasonableness of Class Counsel's requested fees as calculated using the loadstar method.

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Amended Stipulation and Agreement of Settlement filed on February 26, 2024 ("Amended Stipulation") (Dkt. No. 75-2).  Internal citations and quotations are omitted and emphasis is added unless otherwise noted.

REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEAL; 3:21-cv-00687-AJB-MSB

Detailed attorney time records are not generally required to be submitted with a motion for Attorneys' Fees seeking compensation under the lodestar method. This is because when using the lodestar to calculate attorney fee awards, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). When the lodestar is merely used as a cross-check, "the focus is not on the necessity and reasonableness of every hour of the lodestar, but on the broader question of whether the fee award appropriately reflects the degree of time and effort expended by the attorneys." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 270 (D.N.H. 2007). Thus, "an itemized statement of legal services is not necessary for an appropriate lodestar cross-check." *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012).

The motion to seal is justified because Class Counsel's attorney work records are potentially privileged. Ninth Circuit authority makes clear that "attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided." *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013); *quoting Real v. Cont'l Group, Inc.*, 116 F.R.D. 211, 213 (N.D.Cal.1986). Class Counsel's attorney work records potentially reveal, among other things, Class Counsel's litigation strategy and views about this case. Attorney work records may also reveal information about discussions between Class Counsel and the client. These records are therefore potentially privileged under the attorney work-product doctrine and attorney client privilege. *Id*. In order to protect the Class from any argument that Class Counsel were intentionally waiving privilege by submitting their attorney work records, Class Counsel have asked that these records be sealed.

Defendants agree that "[a]ttorneys are entitled to 'considerable secrecy' over internal affairs," yet argue that "redactions from billing records should 'not impair

REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEAL; 3:21-cv-00687-AJB-MSB

the ability of the court to judge whether the work was an appropriate basis for fees.'"  Obj. at 2, *quoting Ard v. Or. State Bar*, No. 20-2143, at *6 (D. Or. Nov. 28, 2022) (internal citations and quotations omitted).  Here, the "ability of the court to judge whether the work was an appropriate basis for fees" is not impaired in any way by the sealing of Class Counsel's attorney hours, as here Class Counsel's full time records have been made available to be viewed by the Court—they have only been sealed from the public and opposing counsel.  And Defendants have not stated any reason why they should be permitted to view these records.  Defendants have no legal interest in, or entitlement to review, these records, as they have no responsibility for or liability with respect to the allocation or award of attorneys' fees or litigation expenses, as per the terms of the Amended Stipulation.  ECF No. 75-2, ¶ 17.

Accordingly, Defendants' objection to the Motion to Seal is without merit and should be overruled, and the Motion to Seal should be granted.

## II.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Plaintiff's motion to seal attorneys' time records exhibit should be granted.  The Objection should be overruled.

Dated:  October 16, 2024                    Respectfully Submitted,

**POMERANTZ  LLP**

*/s/ Austin P. Van*
Jeremy A. Lieberman (*pro hac vice*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEAL; 3:21-cv-00687-AJB-MSB

*Counsel for Class*

**THE PORTNOY LAW FIRM**
Lesley F. Portnoy
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
Facsimile: (212) 697-7296
lesley@portnoylaw.com

*Additional Class Counsel*

REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEAL; 3:21-cv-00687-AJB-MSB

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Austin P. Van*
Austin P. Van