UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>FRANKLIN WIRELESS CORP., et al.,<br>                                    Defendants. | Case No.:  21-cv-00687-AJB-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEAL**<br><br>**(Doc. No. 81)** |

Before the Court is Class Representative Gergely Csaba's ("Plaintiff") motion to file under seal attorneys' time records. (Doc. No. 81.) Defendants Franklin Wireless Corporation, OC Kim, and David Brown (collectively, "Defendants") filed an opposition (Doc. No. 88), to which Plaintiff replied (Doc. No. 90). For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I.    BACKGROUND

On November 15, 2021, Plaintiff filed an amended complaint against Defendants, alleging violations of the Securities Exchange Act of 1934. (Doc. No. 26.) After Defendants filed an answer (Doc. No. 27), the parties engaged in discovery regarding class certification. Early in the discovery window, the parties filed a joint motion for entry of a stipulated protective order, which provided, *inter alia*, that any request to file a document

under seal "**must be narrowly tailored to seek sealing only of the confidential or privileged material.**" (Doc. No. 31 ¶ 12 (emphasis in original).) The following day, Magistrate Judge Michael S. Berg approved of and entered the parties' stipulated protective order. (Doc. No. 32 ¶ 12 ("**The request must be narrowly tailored to seek sealing only of the confidential or privileged material.**") (emphasis in original).)

On July 22, 2022, Plaintiff filed a motion for class certification (Doc. No. 41), which the Court granted (Doc. No. 50). On May 1, 2023, the parties participated in a private mediation session, whereat the parties reached and subsequently executed a settlement agreement. (Doc. No. 77 at 2–3.)

On April 22, 2024, the Court granted Plaintiff's renewed motion for preliminary approval of the class action settlement and set forth deadlines and requirements for settlement administration and final approval. (Doc. No. 77.) On September 19, 2024, Plaintiff timely filed a motion for final approval of the settlement (Doc. No. 83), a motion for attorneys' fees and expenses (Doc. No. 84), a declaration in support of both motions (Doc. No. 85), and a motion to file under seal the entirety of Exhibit 3 attached to the aforementioned declaration (Doc. Nos. 81 (motion to seal); 85-3 (public fully redacted version); 82 (lodged unredacted version)).

## II.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring

2

disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (internal citations and quotation marks omitted).

"Despite this strong preference for public access," the Ninth Circuit has "carved out an exception" for when the underlying motion is not "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016). In such circumstances, "the presumptive 'compelling reasons' standard" is eschewed for "good cause." *Id.* at 1097. This "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) ("*Phillips*"); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If a court finds particularized harm will result from disclosure of information to the public, then "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (cleaned up); *see also Phillips*, 307 F.3d at 1211.

## III.    DISCUSSION

Plaintiff seeks permission to seal the entirety of counsels' billing records provided in support of his motion for attorney fees and expenses. (*See generally* Doc. Nos. 81; 90.) For cause, Plaintiff argues that the records include "potentially privileged" or otherwise "sensitive" information, such as counsels' view of the case, litigation strategy, or discussions with Plaintiff. (Doc. Nos. 81 at 2, 4; 90 at 3.)

As a threshold matter, Plaintiff's motion fails to comply both with the stipulated protective order as it is not narrowly tailored and with the undersigned's Civil Case Procedures as it lacks both a legal standard and analysis as to why the standard has been satisfied. *See* J. Battaglia Civ. Case Proc. § IV.3.

Considering the motion despite these glaring deficiencies, Plaintiff's general allegations of potential harm fall well short of the particularized factual showing of specific

prejudice required to merit sealing any information, let alone an entire twenty-five-page document. Although Plaintiff argues that Ninth Circuit law recognizes that "attorney-client privilege embraces attorney time, records[,] and statements to the extent that they reveal litigation strategy and the nature of the services provided," Plaintiff fails to direct the Court to anything Plaintiff thinks should be considered reflective of litigation strategy. (Doc. Nos. 81 at 4 (quoting *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013)); 90 at 3.) In fact, Plaintiff's motion seeks to seal information he himself publicly filed in the motion for award of attorneys' fees, such as attorney names, positions, corresponding billing rates, hours billed, and general descriptions of work performed. (*See* Doc. Nos. 84-1 at 19, 22–23; 85 ¶¶ 38–42.)

"Moreover, courts frequently deny requests to file attorney billing records and hourly rates under seal, because it is commonplace for the number of hours billed and the hourly rate of attorneys to be openly filed on court dockets; without this information the final fees award appears to be drawn from thin air." *Orthopaedic Hosp. v. Encore Med., L.P.*, No. 3:19-CV-00970-JLS-AHG, 2021 WL 5449041, at *3 (S.D. Cal. Nov. 19, 2021) (collecting cases) (internal quotation marks omitted); *see also Travelers Prop. Cas. Co. of Am.*, 2013 WL 707918, at *1 (denying a motion to file billing records under seal because "simply the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information").

Having reviewed each billing line item, the Court further notes that mundane descriptions of typical attorney tasks, such as drafting documents, conducting research, reviewing documents, and engaging in teleconferences, even taken as a whole, likely do not reveal sensitive information, confidential litigation strategy, or attorney-client privileged communications, sufficient to warrant sealing. *See Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 130 (9th Cir. 1992) ("The [billing] statements contain information on the identity of the client, the case name for which payment was made, the amount of the fee, and the general nature of the services performed. Our previous decisions have held that this type of information is not privileged."); *see, e.g., Simpson Strong-Tie Co. Inc. v. MiTek*

4

*Inc.*, No. 20-CV-06957-VKD, 2024 WL 2261947, at *7 (N.D. Cal. May 16, 2024) (collecting cases).

Neither of the arguments Plaintiff raises in his reply are availing. First, Plaintiff asserts that the records were filed only at the request of the Court. (Doc. No. 90 at 2.) The Court's request for documentation does not shift or otherwise obviate Plaintiff's burden to demonstrate good cause for preventing public disclosure of information. Second, Plaintiff argues that Defendants have "no legal interest in, or entitlement to review, these records" and have failed to provide a reason to be permitted to view them. (*Id.* at 1, 4.) However, Plaintiff's "approach is upside down." *Kamakana*, 447 F.3d at 1182. The public as a whole, Defendants included, have a "federal common law right of access to all information filed with the court." *Phillips*, 307 F.3d at 1212 (citing *Nixon*, 435 U.S. at 597). It is Plaintiff's burden as the moving party to override this general right. "A failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1182.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to seal. (Doc. No. 81.)

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** Plaintiff's motion to seal attorneys' time records. (Doc. No. 81.) Plaintiff **MAY FILE** a renewed motion to file under seal any information for which good cause exists no later than **November 11, 2024**. Should Plaintiff choose not to file a timely renewed motion, the Court will direct the Clerk of Court to publicly file the document currently lodged at Docket Number 82.

**IT IS SO ORDERED.**

Dated:  November 4, 2024

Hon. Anthony J. Battaglia
United States District Judge