

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN WIRELESS CORP., et al.,<br><br>Defendants. | Case No.: 21-cv-00687-AJB-MSB<br><br>**ORDER REQUIRING PLAINTIFF SUPPLEMENT AND RESETTING MOTION HEARING DATES** |

    Before the Court is a motion filed by Plaintiff Gergely Csaba ("Plaintiff"), seeking an award of 33.33% of the common settlement fund amount for attorneys' fees, $166,383.87 to reimburse counsel for litigation expenses, and $7,500 as "compensation for the time he spent representing the Class." (Doc. No. 84-1 at 12–27.) Plaintiff supports this motion with declarations from himself and attorney Austin P. Van of Pomerantz LLP. (Doc. No. 85.) Defendants filed an opposition arguing Plaintiff's requests are "unduly excessive." (Doc. No. 88 at 3.) Having reviewed the relevant filings, the Court determines additional information is required regarding the reimbursement of litigation expenses and Plaintiff's compensation.

## I. SUPPLMENTATION REQUIRED

### A. Litigation Costs

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. § 78u-4(a)(6). "Because the relationship between class counsel and class members turns adversarial at the fee-setting stage, district courts assume a fiduciary role that requires close scrutiny of class counsel's requests for fees and expenses from the common fund." *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020).

"In assessing the reasonableness of the reimbursement request, the Court is 'reminded that it is generally not the practice of an attorney to bill a client for every expense incurred in connection with the litigation in question,' and 'the attorney is expected to absorb some of the cost of doing business as an attorney'" *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (quoting *In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, 1366 (N.D.Cal.1996)). "Such an award of expenses should be limited to typical out-of-pocket expenses that are charged to a fee[-]paying client and should be reasonable and necessary." *Id.*

Here, Pomerantz LLP through Plaintiff seeks an award of $166,383.87 for reimbursement of expenses, which counsel has broken down as follows:

///
///
///
///
///
///

| Expenses | Amount |
|---|---|
| Clerk Filing Fees | $639.00 |
| Online Computer Legal Research and Document Retrieval Fees | $3,285.64 |
| Discovery Vendor Fees | $40,556.60 |
| Deposition and Court Reporting Fees | $1,080.50 |
| Expert Fees | $84,274.75 |
| Investigator Fees | $15,460.21 |
| Mediator Fees | $15,287.04 |
| Overtime-Clerical | $277.85 |
| Photocopying Expenses | $89.90 |
| Postage and Overnight Mail | $519.48 |
| Press Releases and Newswires Fees | $1,951.80 |
| Process Server Fees | $2,230.00 |
| Translation Services Fees | $450.00 |
| Travel and Meal Expenses | $281.10 |
| **Total Expenses** | **$166,383.87** |

(Doc. No. 85 ¶ 45.) Plaintiff's motion and the declaration of counsel provide only minimal additional insight into these expenses, explaining that "[t]he damages expert was needed to analyze potential damages so that Class Counsel could properly evaluate the value of the Class's claims." (Doc. No. 84 at 25.)

Plaintiff has failed to provide the Court with sufficient information and documentation to allow for meaningful review of the expenses, particularly the expert, investigator, discovery vendor, and research fees. *Cf. Mauss v. NuVasive, Inc.*, No. 13-CV-02005-JM-JLB, 2018 WL 6421623, at *7–*9 (S.D. Cal. Dec. 6, 2018) (analyzing costs submitted for reimbursement from Pomerantz LLP after requiring supplementation). Accordingly, the Court **ORDERS** Plaintiff file a supplement including any necessary documentation and supporting declarations to address the reasonableness of each expense requested. This should include the billings of the expert witness(es) and any reports generated.

///

///

///

### B. Plaintiff's Reasonable Costs and Expenses

The PSLRA limits a class representative's recovery to an amount "equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class" and expressly prohibits payment of incentive awards beyond "reasonable costs and expenses (including lost wages) directly relating to the representation of the class . . . ." 15 U.S.C. § 78u-4(a)(2)(A)(vi), (4); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 960, n.4 (9th Cir. 2009) ("The Private Securities Litigation Reform Act of 1995 (PSLRA) prohibits granting incentive awards to class representatives in securities class actions.").

In order to support reasonableness of requested costs and expenses, lead plaintiffs in securities class actions often provide a declaration attesting in detail to the number of hours expended, actions taken in furtherance of duties as class representative, and typical hourly rate that could have been earned but for the hours expended participating in the litigation. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, No. 15-CV-00540-JLS-AGS, 2021 WL 5632673, at *11 (S.D. Cal. Nov. 30, 2021) (awarding $9,230.00 to the lead plaintiff who averred that he devoted approximately 48 hours to the case and that his average hourly rate was $192.30 based on his annual compensation); *Mauss*, 2018 WL 6421623, at *10 (granting requests for $7,500 to each lead plaintiff where the plaintiffs worked 38 hours at a reduced rate of $200 per hour and 50 hours at a rate of $165 per hour); *Wong v. Arlo Techs., Inc.*, No. 5:19-CV-00372-BLF, 2021 WL 1531171, at *12 (N.D. Cal. Apr. 19, 2021) (finding $5,000 appropriate compensation for a lead plaintiff who expended 150 hours "and but for his role in this [a]ction could have earned $150,000 in gross income through a combination of his hourly rate of compensation and commissions").

Here, Plaintiff's motion summarizes how "Plaintiff took an active role in the litigation," listing activities that "warrant reimbursement for the time and effort Plaintiff expended on the Class's behalf." (Doc. No. 84-1 at 26–27.) In his declaration, Plaintiff similarly lists out the actions he took but then only makes conclusory statements that the reimbursement request is fair and reasonable. (Doc. No. 85-2, "Csaba Decl.", ¶¶ 8, 14, 16). The Court agrees that where such duties performed for the class resulted in cost or expense

to Plaintiff, the PSLRA authorizes reasonable reimbursement. *See* 15 U.S.C. § 78u-4(a)(4). However, Plaintiff provides neither an estimate of the hours expended nor a calculation of the hourly rate his time is worth. (*See, e.g.*, Csaba Decl. ¶ 14 ("The time that I devoted to the representation of the Class in this Action was time that I otherwise would have spent on other activities and, thus, represented a cost to me. I seek reimbursement in the amount of $7,500 for the time I devoted to participating in this Action on behalf of the Class. It is my belief that this request for reimbursement is fair and reasonable.").) Although Plaintiff's argument that "this Circuit routinely award representative plaintiffs similar or greater amounts" (Doc. No. 84-1 at 27) may lend support to the reasonableness, it is not independently sufficient as the amount awarded to reimburse for reasonable costs and expenses is specific to circumstances of each lead plaintiff.[1]

Plaintiff has not provided sufficient facts for the Court to determine the reasonableness of the $7,500.00 requested reimbursement, such as the hours expended in performance of his duties as class representative and expenses or costs incurred directly therefrom, including any lost wages. Accordingly, the Court **ORDERS** Plaintiff file a supplemental declaration addressing the identified deficiencies.

## II.   CONCLUSION

For the reasons stated above, the Court **ORDERS** Plaintiff file a supplement consistent with this Order no later than **November 14, 2024**. In light of the need for this supplement, the Court **RESETS** the hearing on Plaintiff's motion for final approval

---

[1] To the extent Plaintiff is arguing that the requested amount is presumptively reasonable, the Court is not persuaded. The cases cited by Plaintiff fail to analyze either the PLSRA or caselaw derived therefrom. (*See* Doc. No. 84-1 at 27 (citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326 (N.D. Cal. 2014) (breach of contact class action); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) (Fair Credit Reporting Act class action); *Brown v. China Integrated Energy Inc.*, No. CV1102559BROPLAX, 2016 WL 11757878, at *13–*14 (C.D. Cal. July 22, 2016) (securities class action relying on antitrust, labor, and breach of contract law for the plaintiff's "incentive award"); *Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161 (C.D. Cal. June 9, 2008) (securities class action relying on breach of contract law for the plaintiffs' "incentive awards").) Considering PSLRA's prohibition on incentive awards, application of general class action principles is inapposite.

1  (Doc. No. 83) and Plaintiff's motion for attorneys' fees, litigation expenses, and an award
2  for Plaintiff (Doc. No. 84) to **3:00 p.m.** on **November 25, 2024**, in Courtroom 4A before
3  the undersigned.

**IT IS SO ORDERED.**

Dated: November 6, 2024

Hon. Anthony J. Battaglia
United States District Judge