# Exhibit A

**Exhibit A to Mahan Declaration**

EXHIBIT A-1

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>FRANKLIN WIRELESS CORP., OC KIM, and DAVID BROWN,<br><br>       Defendants. | No. 3:21-cv-00687-AJB-MSB |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice.*
### *This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of California (the "Court"), if, during the period between September 17, 2020 and April 8, 2021, inclusive (the "Class Period"), you purchased or otherwise acquired the common stock of Franklin Wireless Corp. ("Franklin" or the "Company") ("Franklin Securities" or "Franklin common stock") and were allegedly damaged thereby (the "Class").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Class Representative Gergely Csaba ("Plaintiff"), on behalf of himself and the Class (as defined in ¶ 21 below), has reached a proposed settlement of the Action for $2,400,000 that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Franklin, any other Defendants in the Action, or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 80 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 23, 2023 (the "Stipulation"), which is available at www.FranklinWirelessSettlement.com.

AK0601 v.03

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

21

Exhibit A to Mahan Declaration

1. **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Franklin Wireless Corp., OC Kim, and David Brown (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Franklin. As discussed below, Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any member of the Class. A more detailed description of the Action is set forth in ¶¶ 11–20 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 21 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Plaintiff, on behalf of himself and the Class, has agreed to settle the Action in exchange for a settlement payment of $2,400,000 in cash or immediately available funds (the "Settlement Amount") to be deposited into an Escrow Account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 20-29 below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiff's damages expert's estimates of the number of Franklin common stock shares purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.95. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold shares of Franklin, and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 20-29 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiff were to prevail in the Action. Among other things, Defendants deny that they violated the federal securities laws or committed any wrongdoing whatsoever, and deny that any members of the Class suffered any damages or harm as a result of Defendants' conduct.

5. **Attorneys' Fees and Expenses Sought:** Class Counsel, who have been prosecuting the Action on a wholly contingent basis since its inception in 2021, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Class Counsel, Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Class Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest. In addition, Class Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants plus interest, in an amount not to exceed $300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost per affected share of Franklin common stock, if the Court approves Class Counsel's fee and expense application, is $0.44 per eligible share.

6. **Identification of Attorneys' Representatives:** Plaintiff and the Class are represented by Jeremy A. Lieberman, Esq. and Austin P. Van, Esq. of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016-1917, Tel: 212-661-1100. The Defendants are represented by SML Avvocati P.C., Stephen M. Lobbin, Esq., 888 Prospect Street, Suite 200 and Seltzer, Caplan, McMahon, Vitek, Richard D. Gluck, Esq., 750 B Street, Suite 2100, San Diego, CA 92101-8177, Tel: (619) 685-3090.

7. **Reasons for the Settlement:** Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery - or indeed no recovery at all - might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: |
| --- |

---

[2] Defendants OC Kim and David Brown are collectively referred to herein as the "Individual Defendants."

-2-

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

AK0602 v.03

22

**Exhibit A to Mahan Declaration**

| SUBMIT A CLAIM FORM BY MAIL POSTMARKED NO LATER THAN AUGUST 22, 2024 OR ELECTRONICALLY BY 11:59 P.M. EST ON AUGUST 22, 2024. | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 30 below) that you have against Defendants and Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
|---|---|
| EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN SEPTEMBER 18, 2024. | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or Defendants' Releasees concerning the Released Plaintiff's Claims. |
| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 1, 2024. | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| GO TO A HEARING ON OCTOBER 10, 2024 AT 2:00 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 1, 2024. | Filing a written objection and notice of intention to appear by **August 1, 2024** allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| DO NOTHING. | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

WHY DID I GET THIS NOTICE? — Page 4

WHAT IS THIS CASE ABOUT? — Pages 4-5

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? — Page 5

WHAT ARE PLAINTIFF'S REASONS FOR THE SETTLEMENT? — Pages 5-6

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? — Page 6

HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? — Pages 6-7

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? — Page 8

HOW MUCH WILL MY PAYMENT BE? — Pages 8-12

WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? — Page 12

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF? — Pages 12-13

-3-

AK0603 v.03

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

23

**Exhibit A to Mahan Declaration**

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**                                                  **Pages 13-14**

**WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?**                                                  **Page 14**

**CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**                                                  **Pages 14-15**

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Franklin common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* ¶ 71 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.   On April 16, 2021, Mohammed Usman Ali commenced this Action in the U.S. District Court for the Southern District of California, styled *Mohammed Usman Ali v. Franklin Wireless, Corp. et al.*, Case No. 3:21-cv-00687-AJB-MSB. ECF No. 1.

12.   September 15, 2021, the Court appointed Gergely Csaba as Lead Plaintiff, and Pomerantz LLP as Lead Counsel. ECF No. 14.

13.   On November 15, 2021, Plaintiff filed a Class Action Amended Complaint, ECF No. 26, alleging that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements fraudulently implying that their core products, the Jetpacks, were functioning properly and were not suffering from any noteworthy defects when Defendants knew—but failed to disclose—that the Jetpacks had defective batteries that caused the devices to combust.

14.   On January 14, 2022, Defendants filed their answer to the Amended Complaint. ECF No. 27.

15.   As alleged in the Complaint, Franklin provides wireless solutions, including the sourcing, manufacture, and supply of 5G/4G mobile hotspot devices, routers, trackers, and other similar mobile device management solutions, to a customer base located primarily in the United States.

16.   Plaintiff alleges that Defendants knew—but failed to disclose—that their core products, the Jetpacks, had defective batteries that caused the devices to spark, catch fire, burn, explode, or otherwise combust, and so presented a risk of causing severe injury. Plaintiff further contends that the price of Franklin securities was artificially inflated as a result of Defendants' actions and that investors suffered injury as a result of the alleged inflation. Defendants have denied, and continue to deny, these allegations and deny that they have committed any act or omission giving rise to any liability or violation.

-4-

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

AK0604 v.03

24

**Exhibit A to Mahan Declaration**

17. The Parties reached an agreement in principle to settle the Action after extensive arms-length negotiations overseen by a mediator with extensive experience in securities class actions like this case. The agreement was memorialized in a memorandum of understanding (the "Memorandum of Understanding") which was fully executed on May 3, 2023. The Memorandum of Understanding sets forth, among other things, the Parties' agreement to fully and finally settle and release all claims that were asserted or could have been asserted in the Action in return for a payment by or on behalf of Defendants of $2,400,000 for the benefit of the Class. The Memorandum of Understanding was formalized in the Stipulation that was executed on May 23, 2023. The Stipulation reflects the final and binding agreement between the Parties.

18. Based upon their investigation and prosecution of the case, Plaintiff and Class Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Plaintiff and the other members of the Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Plaintiff has agreed to settle and release the claims that were asserted or could have been asserted in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19. The Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing and further denies that the Class suffered any damages or harm as a result of the Defendants' conduct, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Defendants' Releasees (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20. On April 22, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

21. If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

> all persons or entities who or which purchased or otherwise acquired Franklin common stock during the Class Period set forth in the Amended Complaint, and were allegedly damaged thereby.

Excluded from the Class are Defendants, the present and former Officers and directors of Franklin and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Class Period. Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a valid and timely request for exclusion and persons and entities with no compensable losses. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on pages 12-13 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN AUGUST 22, 2024. ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON AUGUST 22, 2024. AT WWW.FRANKLINWIRELESSSETTLEMENT.COM.**

## WHAT ARE PLAINTIFF'S REASONS FOR THE SETTLEMENT?

22. Plaintiff and Class Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.

-5-

AK0605 v.03

25

**Exhibit A to Mahan Declaration**

Moreover, as to Plaintiff's claims and Class Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery. For example, they would assert that the statements were not materially false and misleading, and that even if they were, the statements were not made with the requisite state of mind to support the securities fraud claims alleged. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to each of the allegedly false statements would be hotly contested. Plaintiff would have to prevail at several stages - motions for summary judgment, trial, and if it prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class, Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Plaintiff and Class Counsel believe that the Settlement provides a substantial benefit to the Class, namely $2,400,000 (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24. The Defendants deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants further deny that their conduct caused the Class any harm or damages. The Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25. If there were no Settlement and Plaintiff failed to prove any essential legal or factual element of its claims against Defendants, neither Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if the Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

26. As a Class Member, you are represented by Plaintiff and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

27. If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section titled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

28. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, or the awards to Plaintiff, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section titled, "When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement?," below.

29. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶ 30 below) against the Defendants and the Defendants' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

30. "Released Plaintiff's Claims" means any and all claims, demands, rights, causes of action and liabilities, of every nature and description whatsoever, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and Unknown Claims, that have been

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**26**

**Exhibit A to Mahan Declaration**

or could have been asserted in any forum by the members of the Class, or the successors or assigns of any of them, in any capacity, arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Franklin securities during the Class Period. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court; and (iii) any claims that already have been brought derivatively related to Franklin Securities during the Class Period.

31. "Defendants' Releasees" means Defendants and Franklin's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers or reinsurers in their capacities as such, as well as each of the Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and other individuals referred to in this paragraph.

32. "Unknown Claims" means any Released Plaintiff's Claims which any Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected any of his, her or its decision(s) with respect to this Settlement, including, without limitation, a Class Member's decision not to opt-out or object. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendants shall expressly waive, and each of the other Class Members and each of the Defendants' Releasees and each of the Plaintiff's Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and each of the other Class Members and each of the Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

34. "Released Defendants' Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Defendants' Releasees, any claims between the Defendants and Defendants' Releasees and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

35. "Plaintiff's Releasees" means Plaintiff, Class Counsel, and all other Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

-7-

AK0607 v.03

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

27

**Exhibit A to Mahan Declaration**

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

36. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation to the Claims Administrator at the address in ¶ 80 below, **postmarked no later than August 22, 2024**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement at www.FranklinWirelessSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (877) 723-2630. Electronic Claim Forms must be submitted by 11:59 p.m. EST on August 22, 2024. Please retain all records of your ownership of and transactions in Franklin securities, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

38. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid two million four hundred thousand dollars ($2,400,000) in cash or immediately available funds. The Settlement Amount will be deposited into an Escrow Account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve ("Authorized Claimants").

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf is entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

41. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form electronically by 11:59 p.m. EST on August 22, 2024 OR postmarked on or before August 22, 2024, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

45. Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Franklin securities during the Class Period and were allegedly damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities which are excluded from the Class by definition or which exclude themselves from the Class pursuant to a request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Shares of Franklin common stock are the only securities that are included in the Settlement.

-8-

AK0608 v.03

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

28

**Exhibit A to Mahan Declaration**

## PROPOSED PLAN OF ALLOCATION

46. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Franklin common stock purchased or otherwise acquired during the Class Period, September 17, 2020 through April 8, 2021, both dates inclusive. The calculation of Recognized Loss will depend upon several factors, including when the Franklin securities were purchased or otherwise acquired during the Class Period, and in what amounts, and whether such securities were sold, and if sold, when they were sold and for what amounts. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

47. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Franklin securities was artificially inflated during the Class Period. The estimated alleged artificial inflation in the price of Franklin securities is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Franklin securities during the Class Period is based on certain misrepresentations alleged by Plaintiff and the Company-specific price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

48. Federal securities laws allow investors to recover for losses caused by disclosures which corrected a defendant's previous false or misleading statements. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Franklin securities purchased or otherwise acquired during the Class Period must have been held during a period of time in which their price declined due to the disclosure of information which corrected an allegedly false or misleading statement. Plaintiff and Class Counsel have determined that such price declines occurred on April 1, 2021, April 8, 2021, and April 9, 2021 (the "Corrective Disclosures"). Accordingly, if a Franklin security was sold before April 5, 2021 (the earliest Corrective Disclosure date), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a Franklin security was both purchased and sold between two consecutive Corrective Disclosure dates, the Recognized Loss for such stock is $0.00.

| Table 1 Artificial Inflation in Franklin Securities[3] | | |
|---|---|---|
| From | To | Per-Share Price Inflation** |
| September 17, 2020 | April 4, 2021 | $7.52 |
| April 5, 2021 | April 7, 2021 | $7.02 |
| April 8, 2021 | April 8, 2021 | $4.13 |
| April 9, 2021 | Thereafter | $0.00 |

** For each day during the Settlement Class Period, per-share price inflation shall not exceed that day's closing price for the stock.

49. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Franklin securities. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Franklin securities purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Franklin securities during the 90-Day Lookback Period.[4] The Recognized Loss on Franklin securities purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of the Franklin securities during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

---

[3] Any transactions in Franklin securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] The 90-Day Lookback Period is from April 9, 2021 (the latest Corrective Disclosure date) through July 7, 2021, inclusive.

-9-

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

AK0609 v.03

29

**Exhibit A to Mahan Declaration**

50.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

**CALCULATION OF RECOGNIZED LOSS PER FRANKLIN SECURITY**

51. Based on the formula set forth below, a Recognized Loss Amount per share shall be calculated for each purchase or acquisition of Franklin securities during the Class Period (i.e., September 17, 2020 through April 8, 2021, inclusive) that is listed in the Proof of Claim Form and for which adequate documentation is provided.

i.    For each share of Franklin securities that was sold prior to April 5, 2021, the Recognized Loss per share is $0.00.

ii.    For each share of Franklin securities that was purchased during the period September 17, 2020 through April 8, 2021, inclusive, and subsequently sold during the period April 5, 2021 through April 8, 2021, inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii.    For each share of Franklin securities that was purchased during the period September 17, 2020 through April 8, 2021, inclusive, and subsequently sold during the period April 9, 2021 through July 7, 2021, inclusive, (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b.    the per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.    For each share of Franklin securities that was purchased during the period September 17, 2020 through April 8, 2021, inclusive, and still held as of close of the U.S. financial markets on July 7, 2021, the Recognized Loss per share is *the lesser of*:

a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b.    the per-share purchase price *minus* the average closing price for Franklin securities during the 90-Day Lookback Period, which is $10.60.

v.    For each share of Franklin securities that was purchased on or after April 9, 2021, the Recognized Loss per share is $0.00.

| Table 2 | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 04/09/2021 | $13.26 | 05/11/2021 | $12.48 | 06/11/2021 | $11.20 |
| 04/12/2021 | $13.01 | 05/12/2021 | $12.43 | 06/14/2021 | $11.16 |
| 04/13/2021 | $12.80 | 05/13/2021 | $12.36 | 06/15/2021 | $11.11 |
| 04/14/2021 | $12.60 | 05/14/2021 | $12.28 | 06/16/2021 | $11.06 |
| 04/15/2021 | $12.47 | 05/17/2021 | $12.21 | 06/17/2021 | $11.02 |
| 04/16/2021 | $12.51 | 05/18/2021 | $12.14 | 06/18/2021 | $10.98 |
| 04/19/2021 | $12.49 | 05/19/2021 | $12.08 | 06/21/2021 | $10.94 |
| 04/20/2021 | $12.43 | 05/20/2021 | $12.01 | 06/22/2021 | $10.90 |
| 04/21/2021 | $12.40 | 05/21/2021 | $11.95 | 06/23/2021 | $10.86 |
| 04/22/2021 | $12.39 | 05/24/2021 | $11.88 | 06/24/2021 | $10.83 |
| 04/23/2021 | $12.43 | 05/25/2021 | $11.82 | 06/25/2021 | $10.79 |
| 04/26/2021 | $12.47 | 05/26/2021 | $11.75 | 06/28/2021 | $10.76 |
| 04/27/2021 | $12.55 | 05/27/2021 | $11.66 | 06/29/2021 | $10.74 |
| 04/28/2021 | $12.62 | 05/28/2021 | $11.60 | 06/30/2021 | $10.71 |
| 04/29/2021 | $12.67 | 06/01/2021 | $11.54 | 07/01/2021 | $10.68 |

-10-

AK06010 v.03

30

**Exhibit A to Mahan Declaration**

| | | | | | |
|---|---|---|---|---|---|
| 04/30/2021 | $12.70 | 06/02/2021 | $11.50 | 07/02/2021 | $10.66 |
| 05/03/2021 | $12.68 | 06/03/2021 | $11.44 | 07/06/2021 | $10.63 |
| 05/04/2021 | $12.63 | 06/04/2021 | $11.40 | 07/07/2021 | $10.60 |
| 05/05/2021 | $12.61 | 06/07/2021 | $11.36 | | |
| 05/06/2021 | $12.58 | 06/08/2021 | $11.32 | | |
| 05/07/2021 | $12.55 | 06/09/2021 | $11.28 | | |
| 05/10/2021 | $12.52 | 06/10/2021 | $11.24 | | |

## ADDITIONAL PROVISIONS

52. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 55 below) is $10.00 or greater.

53. If a Class Member has more than one purchase/acquisition or sale of Franklin securities, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of Franklin securities at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition of Franklin securities made during the Class Period.

54. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Losses for all shares of Franklin securities purchased or acquired during the Class Period.

55. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

56. Purchases or acquisitions and sales of Franklin securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Franklin Securities during the Class Period shall not be deemed a purchase or acquisition of Franklin securities for the calculation of an Authorized Claimant's Recognized Loss, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Franklin securities unless (i) the donor or decedent purchased or otherwise acquired such stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

57. Notwithstanding any of the above, receipt of Franklin securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Franklin securities.

58. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Franklin securities. The date of a "short sale" is deemed to be the date of sale of Franklin securities. Under the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a Claimant has an opening short position in Franklin securities, the earliest Class Period purchases or acquisitions of the stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

59. Option contracts are not securities eligible to participate in the Settlement. With respect to Franklin securities purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the strike price of the option. Any Recognized Loss arising from purchases of Franklin securities acquired during the Class Period through the exercise of an option on Franklin securities[5] shall be computed as provided for other purchases of Franklin securities in the Plan of Allocation.

60. To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Franklin securities during the Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Franklin securities during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

---

[5] Including (1) purchases of Franklin securities as the result of the exercise of a call option, and (2) purchases of Franklin securities by the seller of a put option as a result of the buyer of such put option exercising that put option.

-11-

AK06011 v.03    NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES    31

**Exhibit A to Mahan Declaration**

61. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Franklin securities during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and Total Holding Value.[8] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Franklin securities during the Class Period.

62. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re¬distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

63. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiff, Class Counsel, Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiff, Defendants and their respective counsel, and all Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

64. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.FranklinWirelessSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

65. Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Class Counsel in an amount not to exceed 33.33% of the Settlement Fund plus interest. At the same time, Class Counsel also intends to apply for reimbursement of Litigation Expenses plus interest in an amount not to exceed $300,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

66. Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class to the following recipients: (i) Epiq <u>and</u> (ii) both Class Counsel and Defendants' Counsel, at the addresses set forth in ¶ 72 below. The exclusion request must be *received* no later than September 18, 2024. You will not be able to

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all shares of Franklin securities purchased or acquired during the Class Period.

[7] The Claims Administrator shall match any sales of Franklin securities during the Class Period, first against the Claimant's opening position in Franklin securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Franklin securities sold during the Class Period shall be the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a value of $10.60 per share of Franklin securities purchased or acquired during the Class Period and still held as of the close of trading on April 8, 2021 (the "Holding Value"). The total Holding Value for all Franklin securities purchased or acquired during the Class Period and still held as of the close of trading on April 8, 2021shall be the Claimant's "Total Holding Value."

AK06012 v.03

**32**

**Exhibit A to Mahan Declaration**

exclude yourself from the Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *Mohammed Usman Ali v. Franklin Wireless, Corp. et al.*, Case No. 3:21-cv-00687-AJB-MSB"; (c) identify and state the number of Franklin securities that the person or entity requesting exclusion purchased/acquired and/or sold during the period from September 17, 2020 through and including April 8, 2021, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

67. If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

68. If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

69. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Plaintiff and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

70. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

71. The Settlement Hearing will be held on October 10, 2024 at 2:00 p.m., before the Honorable Anthony J. Battaglia at the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, Courtroom 4A. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

72. Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of California at the address set forth below on or before August 1, 2024. You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers **are *received* on or before August 1, 2024**.

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court for the Southern District of California Clerk of the Court 333 West Broadway, Suite 420 San Diego, CA 92101 | **Pomerantz LLP** Jeremy A. Lieberman 600 Third Avenue, 20th Floor New York, NY 10016-1917 | **Seltzer Caplan McMahon Vitek** Richard D. Gluck 750 B Street, Suite 2100 San Diego, California 92101  **SML Avvocati P.C.** Stephen Lobbin 888 Prospect Street, Suite 200 San Diego, California 92037 |

73. Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class,

-13-

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

AK06013 v.03

33

**Exhibit A to Mahan Declaration**

including the number of shares of Franklin securities that the objecting Class Member purchased/acquired and/or sold during the period from September 17, 2020 through and including April 8, 2021, as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

74. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

75. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before August 1, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

76. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 72 above so that the notice is *received* **on or before August 1, 2024**.

77. The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

78. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

79. If you purchased or otherwise acquired Franklin securities between September 17, 2020 and April 8, 2021, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the letter, request a link to the location of the electronic Notice Packet from the Claims Administrator, and within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the letter, provide a list of the names, addresses, and email addresses of all such beneficial owners/purchasers to info@FranklinWirelessSettlement.com. If you choose the third option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners/purchasers. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per link to the Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.FranklinWirelessSettlement.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

80. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**Exhibit A to Mahan Declaration**

Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.FranklinWirelessSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Ali v. Franklin Wireless Corp.
c/o Epiq
PO Box 5380
Portland, OR 97228-5380
Tel: 1-877-723-2630
www.FranklinWirelessSettlement.com

and/or

Jeremy Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Fl.
New York, New York 10016-1917
Tel: 212-661-1100
jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: May 20, 2024

By Order of the Court
United States District Court
SDCA

-15-

AK06015 v.03

NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

35

**Exhibit A to Mahan Declaration**

# PROOF OF CLAIM FORM
*Ali v. Franklin Wireless Corp.*
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CASE NO. 3:21-cv-00687-AJB-MSB

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF *MOHAMMED USMAN ALI V. FRANKLIN WIRELESS, CORP. ET AL.*, CASE NO. 3:21-cv-00687-AJB-MSB (THE "ACTION"), YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST CLASS MAIL, **POSTMARKED NO LATER THAN AUGUST 22, 2024**, TO THE FOLLOWING ADDRESS:

*Ali v. Franklin Wireless Corp.*
*c/o Epiq*
*PO Box 5380*
*Portland, OR 97228-5380*

ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM **BY 11:59 P.M. EST ON AUGUST 22, 2024** AT **WWW.FRANKLINWIRELESSSETTLEMENT.COM**.

CLAIM FORMS THAT ARE NOT MAILED BY PREPAID FIRST-CLASS MAIL AND/OR ARE RECEIVED WITH NO POSTMARK WILL BE DEEMED TO HAVE BEEN SUBMITTED ON THE DATE OF RECEIPT.

FAILURE TO SUBMIT YOUR CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AS SET FORTH ABOVE.**

## GENERAL INSTRUCTIONS

1.  Capitalized terms not defined in this Claim Form have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated May 23, 2023 ("Stipulation"), and in the Notice that accompanies this Claim Form.

2.  It is important that you completely read and understand the accompanying Notice. The Notice describes the proposed Settlement of the Action, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. By signing and submitting this Claim Form, you will be certifying that you have read and understood the Notice, including the Releases described therein and provided for herein.

3.  This Claim Form is directed to all members of the "Class" defined below. The Class consists of the following, regardless of which state or country the person or entity may reside or be domiciled in:

    all persons or entities who or which purchased or otherwise acquired Franklin Securities between September 17, 2020 through April 8, 2021, inclusive (the "Class Period") and were allegedly damaged thereby.

4.  Franklin's common stock are "Franklin Securities." All persons and entities that are members of the Class are "Class Members."

5.  Excluded from the Class are Defendants, the present and former Officers and directors of Franklin and any subsidiary thereof, and the Immediate Family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Class Period. Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth in the Notice and persons and entities with no compensable losses.

6.  To be potentially eligible to recover from the Net Settlement Fund, you must complete and sign this Claim Form, and submit your Claim Form to the Claims Administrator as instructed below. If you fail to submit a properly completed and addressed Claim Form by the date specified below, your Claim may be rejected, and you may be precluded from receiving any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

**Questions? Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.**

01-CA40065823
AK0611 v.03

1 of 9

**Exhibit A to Mahan Declaration**

7. Submission of this Claim Form, however, does not ensure that you will share in the Net Settlement Fund. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

**8. YOU MUST MAIL OR SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS POSTMARKED NO LATER THAN AUGUST 22, 2024, TO THE FOLLOWING ADDRESS:**

*Ali v. Franklin Wireless Corp.*
*c/o Epiq*
*PO Box 5380*
*Portland, OR 97228-5380*
*www.FranklinWirelessSettlement.com*

**ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON AUGUST 22, 2024 AT WWW.FRANKLINWIRELESSSETTLEMENT.COM.**

9. To be considered timely, **your Claim Form must be mailed by first-class mail and postmarked, or submitted electronically, by the deadline above**. Unless your Claim Form is submitted with a postmark by First-Class Mail, it will be deemed to have been submitted when actually received by the Claims Administrator.

10. Use the Schedule of Transactions in Part II of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Franklin securities. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Franklin securities, regardless of whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.

11. You must submit supporting documentation for the transactions reported in this Claim Form, such as broker confirmation slips, broker account statements, an authorized statement from your broker reporting information about your transactions, or other similar documents. **Franklin and the Claims Administrator do not independently have information about your investments in Franklin securities. If such documents are not in your possession, please obtain copies or equivalent documents from your broker. Failure to supply this documentation may result in the rejection of your claim.** DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.

12. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a Claim Form from joint owners should not include the transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity that includes all transactions made by that entity, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13. All joint beneficial owners must each sign this Claim Form, and their names must appear in Part I of this Claim Form. If you purchased or otherwise acquired Franklin securities during the Class Period and held Franklin securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If you purchased or otherwise acquired Franklin securities during the Class Period for your own benefit, but Franklin security was registered in the name of a third party, such as a nominee or brokerage firm, you are still the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

14. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons and entities represented by them, and they must:

    a. expressly state the capacity in which they are acting.

    b. identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) Franklin securities; and

    c. furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by brokers demonstrating only that they have discretionary authority to trade securities in another person/entity's accounts.)


02-CA40065823
AK0612 v.03

**Exhibit A to Mahan Declaration**

15. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are NOT a Class Member, or are excluded from the definition of the Class, or if you, or someone acting on your behalf, submitted a request for exclusion from the Class in accordance with the instructions set forth in the Notice, DO NOT submit a Claim Form. **You may not, directly, or indirectly, participate in the Settlement if you are not a Class Member**. Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

16. If you are a Class Member and you do not request exclusion from the Class pursuant to the instructions set forth in the Notice, you will be bound by the terms of the Settlement and any orders or judgments entered in this Action, **WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT**.

17. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple persons/entities and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at 1-877-723-2630 or by visiting the website www.FranklinWirelessSettlement.com. One spreadsheet may contain the information for multiple persons/entities and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see ¶ 14.c above) along with the electronic spreadsheet. The transactions and holdings in Franklin common stock should be reported in the electronic file so that each resulting claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one claim will be processed per Legal Entity (e.g., a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Class Period, one total holding at the end of the Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed as a single claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single claim prior to processing in the event that a Legal Entity's accounts are divided across multiple claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Franklin common stock in order to prove and accurately process the claim.

18. NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at info@FranklinWirelessSettlement.com. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at 1-877-723-2630 to inquire about your file and confirm it was received and acceptable.

19. If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq, by writing to the above address, by calling the toll-free hotline at 1-877-723-2630 or by sending an email to info@FranklinWirelessSettlement.com, or you may download the documents from www.FranklinWirelessSettlement.com.

20. **PLEASE NOTE: YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS, OR BY CONFIRMATION EMAIL, IF THE CLAIM IS SUBMITTED ELECTRONICALLY AT WWW.FRANKLINWIRELESSSETTLEMENT.COM. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL WITHIN 60 DAYS, PLEASE CONTACT THE CLAIMS ADMINISTRATOR.**

**Questions?  Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.**

**Exhibit A to Mahan Declaration**

# I. CLAIMANT IDENTIFICATION

The Claims Administrator will use the information supplied below for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

**Please provide the required information below for the beneficial owner(s) of Franklin securities claimed on this Claim Form. If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box below (e.g., Jones IRA). If the beneficial owner is an entity (i.e. a corporation, trust, estate, etc.) or this Claim Form is being completed by a representative of the beneficial owner, as outlined in paragraph 14 above, you must also include the entity name (if applicable) and the name of the representative or custodian.**

Beneficial Owner's First Name          MI     Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI     Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                          State     ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number[1]

Telephone Number (Day)                        Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual                ☐ IRA/401K                 ☐ Estate

☐ Joint                     ☐ Pension Plan             ☐ Trust

☐ Corporation              ☐ Other _____ (please specify)

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

**Questions?  Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.**



04-CA40065823
AK0614 v.03

439

**Exhibit A to Mahan Declaration**

## II. SCHEDULE OF TRANSACTIONS IN FRANKLIN SECURITIES

Please be sure to include proper documentation with your Claim Form as described in detail in paragraph 11 of the General Instructions above. Do not include information regarding securities other than Franklin securities.

| 1. BEGINNING HOLDINGS OF FRANKLIN SECURITIES : – State the total number of shares of Franklin securities held as of the close of trading on September 16, 2020 (must be documented). If none, write "zero" or "0." | Proof of Position Enclosed |
|---|---|
| [ ][ ][ ][ ][ ][ ][ ][ ] . [ ][ ] | ☐ Y   ☐ N |

**2. PURCHASES/ACQUISITIONS OF FRANKLIN SECURITIES DURING THE PERIOD FROM SEPTEMBER 17, 2020 THROUGH AND INCLUDING JULY 7, 2021** – Separately list below each and every purchase/acquisition (including free receipts) of Franklin securities from the opening of trading on September 17, 2020 through and including the close of trading on July 7, 2021 (must be documented).[2]

**IF NONE, CHECK HERE** ☐

| Date of Purchase / Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding all fees, taxes, and commissions) | Proof of Purchase / Acquisition Enclosed | |
|---|---|---|---|---|---|
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |

**3. SALES OF FRANKLIN SECURITIES DURING THE PERIOD FROM SEPTEMBER 17, 2020 THROUGH AND INCLUDING JULY 7, 2021** – Separately list each and every sale/disposition (including free deliveries) of Franklin securities from the opening of trading on September 17, 2020 through and including the close of trading on July 7, 2021 (must be documented).

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding all fees, taxes, and commissions) | Proof of Sale Enclosed | |
|---|---|---|---|---|---|
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |
| | | $ | $ | ☐ Y | ☐ N |

---

[2] **Please note:** Information requested with respect to your purchases/acquisitions of Franklin securities from after the opening of trading on April 9, 2021 through and including July 7, 2021 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

**Questions?  Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.**

**4. ENDING HOLDINGS** – State the total number of shares of Franklin securities held as of the close of trading on July 7, 2021 (must be documented). If none, write "zero" or "0."

Proof of Position Enclosed

☐ Y    ☐ N

IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX. ☐

Questions?  Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.

06-CA40065823
AK0616 v.03

6 of 9

**Exhibit A to Mahan Declaration**

# III. RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE CERTIFICATION SET FORTH BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the Defendants' Releasees (as defined in the Stipulation and in the Notice), and shall be (a) permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiff's Claims against any of the Defendants' Releasees; and (b) deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all Released Plaintiff's Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.  that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Stipulation and the terms of the Plan of Allocation.

2.  that the Claimant(s) is a (are) Class Member(s), as defined in the Notice and in paragraph 3 on page 1 of this Claim Form, and is (are) not excluded by definition from the Class as set forth in the Notice and in paragraph 5 on page 1 of this Claim Form.

3.  that the Claimant(s) did **not** submit a request for exclusion from the Class in accordance with the instructions set forth in the Notice.

4.  that I (we) own(ed) Franklin securities identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof.

5.  that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Franklin securities and knows (know) of no other person having done so on the Claimant's (Claimants') behalf.

6.  that the Claimant(s) has (have) not already submitted to binding arbitration and is (are) not a party to any other lawsuit concerning Claimant's (Claimants') interest in Franklin securities.

7.  that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein.

8.  that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator or the Court may require.

9.  that the Claimant(s) waive(s) the right to trial by jury, to the extent any such right may exist, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form.

10. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action.

11. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is/are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is/are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it/they is/ are subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

**Questions?  Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.**



07-CA40065823
AK0617 v.03

7 of 9

**Exhibit A to Mahan Declaration**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Executed this _____ day of _____ in _____

(Month/Year)                                     (City/State/Country)

(Sign your name here)                            (Sign your name here)

(Type or print your name here)                   (Type or print your name here)

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (must provide evidence of authority to act on behalf of Claimant – see paragraph 14 on page 2 of this Claim Form.)

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (must provide evidence of authority to act on behalf of Claimant – see paragraph 14 on page 2 of this Claim Form.)

**Questions?  Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.**

**Exhibit A to Mahan Declaration**

# IV. REMINDER CHECKLIST

 **Please sign the above release and certification.** If this Claim Form is being made on behalf of joint claimants, then both must sign.

_____

Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

_____

 Please do not highlight any portion of the Claim Form or any supporting documents.

_____

Keep copies of the completed Claim Form and documentation for your own records.

_____

 The Claims Administrator will acknowledge receipt of your Claim Form by mail or email, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard or confirmation email. **IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-877-723-2630.**

_____

If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

_____

 If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@FranklinWirelessSettlement.com, or by toll-free phone at 1-877-723-2630, or you may visit www.FranklinWirelessSettlement.com. **Please DO NOT call the Defendants or their Counsel with questions regarding your claim.**

THIS CLAIM FORM MUST BE SUBMITTED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL SO THAT IT IS **POSTMARKED NO LATER THAN AUGUST 22, 2024**, ADDRESSED AS FOLLOWS:

*Ali v. Franklin Wireless Corp.*
*c/o Epiq*
*PO Box 5380*
*Portland, OR 97228-5380*

**ALTERNATIVELY, YOU MAY OBTAIN, COMPLETE, AND SUBMIT AN ELECTRONIC CLAIM BY 11:59 P.M. EST ON AUGUST 22, 2024 AT WWW.FRANKLINWIRELESSSETTLEMENT.COM.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before August 22, 2024, is indicated on the envelope and it is mailed First-Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the submitted Claim Forms and to administer the Settlement. This work will be completed as promptly as time permits. Please be patient and notify the Claims Administrator of any change of address.

**Questions?  Visit www.FranklinWirelessSettlement.com or call toll-free 1-877-723-2630.**