UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED USMAN ALI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN WIRELESS CORP., et al.,<br><br>Defendants. | Case No.: 21-cv-00687-AJB-MSB<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS**<br><br>**(Doc. No. 100)** |

Before the Court is Plaintiff's unopposed motion for distribution of the net settlement fund to authorized claimants.[1] (Doc. No. 100.) In support of the motion, Plaintiff provides the Declaration of Joseph Mahan of Epiq Class Action & Claims Solutions, Inc. ("Epiq" or the "Claims Administrator") (Doc. No. 100-2, "Mahan Decl.") and exhibits thereto (Doc. No. 100-3), including the notice packet, the deficiency notice, a table of timely eligible claims, a table of rejected claims, and Epiq's billed invoices. Pursuant to

---

[1] Defendants failed to file a response to the instant motion. Plaintiff's statement that the motion is unopposed does not obviate Defendants of their responsibility under the Civil Local Rules to file a response. *See* CivLR 7.1.f.3.a (requiring either an opposition or notice of non-opposition to be filed). Nonetheless, the Court deems the instant motion unopposed. *See* CivLR 7.1.f.3.c.

1

Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers. After thorough review of the motion and all supporting documentation, the Court finds:

WHEREAS, on December 19, 2024, the Court entered the Order Approving Plan of Allocation of Net Settlement Fund and the Judgement Approving Class Action Settlement (ECF No. 99) ("Final Approval Order"), which *inter alia*, approved the Settlement, the terms of which were set forth in the Amended Stipulation and Agreement of Settlement filed on February 26, 2024 (the "Amended Settlement Agreement") (ECF No. 75-2), and the Plan of Allocation of settlement proceeds;[2]

WHEREAS, the Court retained jurisdiction over the action for purposes of: (a) implementation of the Settlement and any award or distribution of the Net Settlement Fund; (b) the disposition of the Net Settlement Fund; and (c) construing, enforcing, and administering the Amended Settlement Agreement;

WHEREAS, as set forth in the Notice, the deadline for Class members to submit a Proof of Claim and Release Form ("Claim Form") to participate in the distribution of the Net Settlement Fund was August 22, 2024;

WHEREAS, as set forth in the Mahan Declaration, the Claims Administrator has completed the process of reviewing all 933 submitted Claims in the above action;

WHEREAS, all Claimants who submitted deficient Claims were, upon review in accordance with the procedure approved by the Court, notified of such deficiency, and given an opportunity to contest and/or cure the deficiency. None of the deficient Claims have disputed their rejected claims or currently ask for Court review of the deficient claims;

WHEREAS, in accordance with the recommendations of the Claims Administrator, Lead Counsel seek authorization to distribute the Net Settlement Fund to all Authorized Claimants entitled to receive such funds; and

///

---

[2]   All capitalized terms not otherwise defined herein have the same meaning as those in the Amended Settlement Agreement.

WHEREAS, the Court having reviewed Plaintiff's Unopposed Motion for Distribution of the Net Settlement Fund, the Mahan Declaration, and all other exhibits and papers submitted in support thereof, and for good cause appearing therefor;

**IT IS HEREBY ORDERED**:

1. Plaintiff's Unopposed Motion for Distribution of the Net Settlement Fund is GRANTED.

2. As set forth in the Mahan Declaration, the administrative determinations of the Claims Administrator, Epiq, in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibit C-1 to the Mahan Declaration are approved, and said claims are hereby accepted for payment from the Net Settlement Fund. Likewise, the administrative determinations of the Claims Administrator rejecting those claims set forth in Exhibit C-2 to the Mahan Declaration are approved, and said Claims are hereby rejected, disallowed, and shall not be paid.

3. The distribution plan for the Net Settlement Fund as set forth in the Mahan Declaration and accompanying exhibits is approved. The funds that are currently in the Net Settlement Fund (after deducting any payments requested in the cost estimate to complete the Initial Distribution and the costs of preparing appropriate tax returns) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibit C-1 to the Mahan Declaration, at the direction of Lead Counsel pursuant to the Amended Settlement Agreement and the Plan of Allocation.

4. Specifically, as set forth in paragraph 38(a)(i)–(v) of the Mahan Declaration:

 (a) Epiq will calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation;

 (b) Epiq will eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00, which Claimants shall not receive any payment from the Net Settlement Fund;

(c) after eliminating Claimants who would receive less than $10.00, Epiq will recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more; and

(d) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants if Class Counsel, in consultation with Epiq, determine it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Net Settlement Fund; and if there is any balance remaining in the Net Settlement Fund after at least six months after the Initial Distribution, then, if feasible and economical, the remainder will be distributed as described in paragraph 8 below.

5. Any person asserting claims filed after May 19, 2025, the date used to finalize the administration by the Claims Administrator, are finally and forever barred from asserting such claims. No new Claims may be accepted after May 19, 2025, and no adjustments to Claim Forms, which would result in an increased Recognized Loss amount may be accepted after May 19, 2025. Should an adjustment be received that results in a lower Recognized Loss amount, that adjustment will be made, and the Recognized Loss amount will be reduced accordingly.

6. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Amended Settlement Agreement and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including, but not limited to Plaintiff's Counsel and the Claims Administrator) are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims

against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

7. The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE." Plaintiff's Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimants who have not cashed their check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allocated or consistent with the terms outlined in the Mahan Declaration will irrevocably forfeit all recovery from the Settlement.

8. Consistent with the Court-approved Plan of Allocation, after Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, if there is any balance remaining in the Net Settlement Fund after at least six months after the Initial Distribution, then, if feasible and economical, Epiq will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed in an equitable and economic fashion to Authorized Claimants in the Initial Distribution who cashed their distribution checks and would receive at least $10.00 from such re-distribution. If there are any remaining funds after completion of the Second Distribution, if cost effective, Epiq will conduct a further distribution of the Net Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after deducting Epiq's unpaid fees and expenses incurred or to be incurred in connection with administering the Net Settlement Fund (including the estimated costs of such distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to Authorized Claimants who cashed their most recent distribution checks in an equitable

and economic fashion. Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter at reasonable intervals until Class Counsel, in consultation with Epiq, determines that further redistribution is not cost-effective. At the point where further redistributions are not cost-effective, any remaining amount in the Net Settlement Fund will be donated to the Public Justice, a nonsectarian, not-for-profit 501(c)(3) organization.

9. One year after the Initial Distribution, or the Second Distribution if it occurs, the Claims Administrator is hereby authorized to destroy the paper or hard copies of the claims and all supporting documentation, and one year after all funds have been distributed, it may destroy electronic copies of the same.

10. The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: July 23, 2025

Hon. Anthony J. Battaglia
United States District Judge